DAVID F. PARMENTER *vs.* JOSEPH D. COBURN.

A bill of exceptions to the admission of testimony on cross-examination cannot be sustained, unless it sets forth enough of the previous testimony to show that the testimony objected to was inadmissible.

ACTION OF TORT against a deputy sheriff for taking a quantity of cigars, alleged to have been the property of the plaintiff. Trial in this court, before *Thomas,* J., who signed the following bill of exceptions:

" The plaintiff offered evidence of a sale to him by Tinkham, Adams & Co. on the 31st of July 1854.

" The defendant justified the taking in August following by virtue of a writ in favor of Andre Brothers against Tinkham, Adams & Co., put into his hands as deputy sheriff, and served by attachment on said property, alleging that the sale to the plaintiff was, as against the creditors of Tinkham, Adams & Co., fraudulent and void, having been made with intent to defraud, delay, and hinder creditors. Whether the sale was made with such intent was the principal issue to the jury. To prove the fraudulent intent on the part of Tinkham, Adams & Co. much evidence was given of the course of their business before and at the time of the sale.

" John Q. Adams, a member of the firm of Tinkham, Adams & Co., a witness called by the plaintiff, on cross-examination testified to a purchase by himself of a carriage at New York, in the name of the firm, and which went into the possession of the plaintiff. To the admission of the testimony of Adams as to the purchase of the carriage, the plaintiff objected.

" John M. Scroeder a clerk of Tinkham, Adams & Co. was called by the plaintiff to testify to the negotiation of the plaintiff with Tinkham, Adams & Co. and the making and the subsequent payment of the notes given for the cigars, which were negotiable. Upon cross-examination, he was asked if he had said in a conversation with one Hollander, after the failure, in substance, that the cigars were put into Parmenter's name to cover them up. The witness said he had not. Hollander was

43 *

caLed by the defendant and (the plaintiff objecting) testified that such statement was made by Scroeder.

" The jury found a verdict for the defendant. To the admission of the evidence above stated the plaintiff excepts."

*P. E. Aldrich*, (*P. C. Bacon* with him,) for the plaintiff.

*F. H. Dewey*, for the defendant.

METCALF, J. The question that was tried by the jury in this case was, whether the cigars which the defendant attached as the property of Tinkham, Adams & Co. had been fraudulently conveyed to the plaintiff by that firm. The plaintiff called Adams, one of the firm, as a witness, who was permitted to tes·tify, on cross-examination, that he bought, in the name of the firm, a carriage in New York, which went into the plaintiff's possession ; and to the admission of this testimony the plaintiff has alleged exceptions. But his exceptions are so defectively drawn up, that we cannot judge whether that testimony was legally admissible or not. They do not show what Adams testified, on his examination in chief, nor what was the testimony of any other witnesses previously examined. Yet the admissibility of the testimony objected to might be manifest, on the state of the other evidence in the case. So much of that evidence should therefore have been set forth in the bill of exceptions, as would enable us to decide whether the testimony which is excepted to was or was not admissible. *Whitney* v. *Lee*, 8 Met. 92.

Exceptions to the admission or exclusion of evidence are not to be sustained, unless they are so framed as to show that it was wrongly admitted or excluded. They are not to prevail merely because they do not show that it was rightly admitted or excluded. It will be presumed that the ruling of a judge, receiving or rejecting evidence, was right, unless the exceptions show affirmatively that it was wrong ; and it is also to be presumed, that there was such other evidence before the judge, as was necessary in order to render admissible that which he admitted, and to render inadmissible that which he rejected. *Moody* v. *Sabin*, 9 Cush. 507, 508. *Rich* v. *Jones*, 9 Cush. 337, 338. *Adams* v. *Ellis*, 1 Aik. 24. *Eaton* v. *Houghton*, 1 Aik. 380. *Hines*

v. *North Carolina*, 10 Sm. & Marsh. 529, 537. *Moran* v. *Green*, 1 Zab. 562. According to these rules of law, supported by these adjudications, the exception to Adams's testimony on cross-examination is overruled.

For the same reasons, the exception to the testimony of Hollander must be overruled. The bill of exceptions does not show affirmatively that the question put to Scroeder, on cross examination, was collateral and irrelevant to the issue on trial, within the rule which requires the answer to be taken without contradiction by another witness. Whether it were so, or not, might depend wholly on the testimony which he had given on examination in chief, but which the exceptions do not set forth.

The court will doubtless, in cases where justice so requires, allow defective exceptions to be amended, instead of immediately overruling them. We have not been asked to do so, in this case. And from an inspection of the minutes taken of the evidence at the trial, by the presiding judge, it is perfectly clear that the .estimony excepted to was rightly admitted. We do not mention this as any reason for overruling the exceptions; but the fact tends to show the wisdom of the law on which we overrule them. *Exceptions overruled.*