VERMONT MUTUAL FIRE INSURANCE COMPANY *v.* STEPHEN CUMMINGS.

The clerk of the county court may sign a writ, returnable to that court, in a case where he is a stockholder in a corporation which is party to the suit.

A corporation may maintain an action of book account. Money received to be accounted for, and for which the party becomes debtor upon the receipt of the same, may be recovered in that form of action. Whether money received becomes a *debt,* or a mere *deposit,* depends upon the nature of the business and the course of the dealings of the parties.

ACTION of book account.

The defendant pleaded, in abatement, that the plaintiffs' writ in this action was signed, and the recognizance to the defendant was taken, by Joshua Y. Vail, clerk of the court, who is a member of said insurance company, and is interested in this suit.

To which the plaintiff demurred, generally, and the defendant joined in demurrer.

The county court decided that the plea was insufficient; to which the defendant excepted.

Judgment to account having been rendered, an auditor was appointed who afterwards reported, that the plaintiffs' account against the defendant was for moneys received from time to time by the defendant, to the use of the plaintiffs, in relation to which the auditor reported the following facts, to wit :

" That the plaintiffs are a corporation, created by an act of " the legislature of this state, passed on the 10th day of No- " vember, 1827, entitled 'an act to incorporate the Vermont " 'Mutual Fire Insurance Company :' That said company is " duly organized and has been ever since the passage of said " act, and is still doing business under the same.

" That the defendant was an agent, authorized by the plain- " tiffs to receive applications for insurance in said company, " and did act for the plaintiffs as such agent.

" That whenever insurances are effected in said company, " a note for the amount of the premium is required of the in- " sured, and *payment* of three per cent. of the amount of " said note is also required, and, in case of an assessment or " transfer of policies, fifty cents for each assessment or trans- " fer is required to be paid into said company as a compen- " sation for recording the same.

WASHINGTON,   " That it ever has been, and still is, the custom of the plain-
July,       " tiffs to open accounts with their agents, and to charge upon
1830
─────────   " the books of the company to their agents, the three per
Insurance Co.
v.          " cents. received by them upon the premium notes by them
Cummings.   " taken, and also the fifty cents for recording each assign-
            " ment or transfer of policies effected by such agents.

" The auditor finds that the plaintiffs' account consisted of " charges for three *per cents.* received on premium notes, " and fees for recording assignments or transfers of policies, " and that the same three per cents., and also the fees for " recording assignments or transfers charged in the plaintiffs' " account, have been paid to and received by the defendant " for the use and benefit of the plaintiffs."

The auditor further reported, that, if the court should be of the opinion that the action of book account could be maintained by the plaintiffs, and that the moneys charged in the plaintiff's account, from the facts found, were proper subjects of book charge, and could be recovered in this form of action, then he found a balance due from the defendant to the plaintiffs of $105,88. Otherwise, he found *nothing due from* the defendant to the plaintiffs to balance book accounts.

The county court decided that the action could be maintained by the plaintiffs, and that, from the facts found by the auditor, the money charged by the plaintiffs could be recovered in this form of action, and rendered a judgment in favor of the plaintiffs to recover against the defendant the amount reported by the auditor.

The defendant excepted.

*J. L. Buck,* for defendant.

The first question arises on the plea in abatement, viz, that the clerk who signed the writ and before whom the recognizance was taken, is a member of the Insurance Company and interested in the suit.

The judges of the court, being members of said company, and jurors, may sit on the trial of a cause to which the Company is a party, if no objection is made, but cannot if objected to.   Stat. of 1836, p. 145.

The judges cannot authorize any one to do an act which they could not do themselves, nor can they authorize any one to act who is equally interested, if objections are made to his acts.

Signing a writ and taking a recognizance are as much judicial acts as authorizing one to serve a writ. 10 Vt. R. 261.

The other questions are presented by the auditor's report. The first is, can the action of book account be maintained for money received, and that alone?

We insist that the action of book account cannot be maintained for money alone, and that the plaintiffs have no claim, except on the ground that the defendant has received money for their use and benefit.

. The second question is, can a corporation maintain the book account action?

In this action, which is given by our statute, the parties are made witnesses, and may not only testify to their own, but to other accounts of the opposite party. *Stevens et al.* v. *Richards et al.* 2 Aik. R. 81. *Fay et al.* v. *Green*, Id 386.

Our statute has provided a particular form of oath to be administered to a party in an action on book, and it has been held that testimony of the party can only be given before the auditor and in answer to interrogatories. *Pike* v. *Blake*, 8 Vt. R. 400.

The plaintiffs, being a corporation, cannot answer interrogatories, and it would be inconsistent to administer the same oath as would be administered to an individual. When a corporation is a party, the requisitions of the statute cannot be complied with, and the defendant cannot avail himself of the privileges given him by law. A town or other corporation cannot be held as a trustee. *Bradley* v. *Richmond*, 6 Vt. R. 121.

On the same principle we insist that the action on book cannot be sustained in *favor* of a corporation, for it is impossible for the plaintiffs to support their claim in the manner pointed out by statute.

Parties are made witnesses from the necessity of the case, but members of corporations, being competent witnesses at common law, there is no necessity of their bringing the action on book.

*H. W. Heaton*, for plaintiffs.

The first question to be settled arises upon the defendant's plea in abatement.

The statute, after declaring that the ordinary mode of pro-

WASHINGTON, July, 1839.

Insurance Co. v. Cummings.

cess in civil causes shall be by writ of summons or attachment, provides, that "every such writ, or other process returnable to any county court within this state, shall be signed by a judge or clerk of the county court in which the cause is to be tried." Vt. stat. p. 63. This is without any exception as to the interest of the magistrate or relationship within the 4th degree of affinity or consanguinity, and courts will hesitate to engraft an exception, where it is evident that the legislature never intended there should be one, especially when the consequences of such an exception would be the production of so much inconvenience by excluding the constituted organ of the court from the discharge of his official duties. 9 Vt. R. 166.

By statute, no writ of attachment or summons shall issue until the party praying out the same shall have given security to the adverse party, by way of recognizance, to the satisfaction of the party signing the same ; and the taking of such recognizance has ever been deemed a *ministerial act*, and differing very essentially from the taking cognizance of a cause within the meaning of the statute.

A justice of the peace, having a pecuniary interest in the event of a suit, may sign a writ returnable to the county court and take recognizance. A clerk may sign his own writ. 9 Vt. R. 166.

The defendant rests his exceptions to the auditor's report upon two grounds. 1. The plaintiffs, being a private corporation, cannot maintain the action of book account. 2. The items charged in the plaintiffs' account, and allowed by the auditor, are not proper subjects of book charge.

1. Can the plaintiff maintain the action of book account ?

The auditor finds the fact that the company is duly organized, and doing business in its corporate capacity. In constituting a body corporate a legal or artificial person is substituted for a natural person, and where a number of natural persons are concerned there is given to them the property of individuality.

The common law annexes to this legal or artificial person, when created, certain incidents and attributes, and among these attributes, which tacitly appertain to all aggregate corporations, is the power to sue and be sued, implead and be

impleaded, grant and receive by its corporate name, and do all other acts as natural persons may; for this is essential to give it the capacity of acting like individuals. 1 Blk. Com. 476. Angell & Ames on Cor. 58.

The same legislature that gave vitality and legal existence to this corporation has given the remedy of action on book account.

The statute creating the action of book account declares that the "same proceedings shall be had therein as are had in the common law action of account. 1 Vt. stat. 142 sec. 2.

And the 1st section of the same act declares, that the auditor "shall award to the plaintiff or plaintiffs such sum as, on his, her or their showing, shall appear to be justly due; which showing shall be on the oath of the party, or *other evidence*, as the nature of the case may require." So the objection to this form of action, for the reason that an ideal or imaginary person cannot personally appear and take the oath prescribed by statute, falls to the ground, as a recovery *may* be had on other evidence than the oath of the party.

Assumpsit will lie in favor of a corporation on an implied promise. 2 Vt. R. 393. And, generally, corporations may bring such suits as are applicable to their case. Angell & Ames on Cor. 207, and cases there enumerated.

As to the 2d exception, the auditor finds the fact, that the items of money charged the defendant, as agent, were received by him; he also finds, that it has ever been the custom with this company to open accounts with agents, and charge them the amount received by them on premium notes and fees for recording assignments. No principle is better settled than this, that money charged on book in the regular course of dealings between the parties,may be recovered in this form of action. 5 Vt. R. 451.

The opinion of the court was delivered by

REDFIELD, J.—The plea in abatement was correctly overruled by the court below. The clerk of the court, in signing a writ, whether of *mesne* or final process, is the mere instrument of the court. It has been long settled by reported decisions, acquiesced in in the subordinate tribunals of the state, and by a constant practice since the organization of our

courts, that the clerk may sign even his own writs. The question now before the court was virtually decided in *Graham* v. *Todd*, 9 Vt. R. 166.

The question whether a corporation can maintain the action of book account is not one with which the court have found much difficulty. Were the subject new it might merit a different consideration. But for a long time it has been the constant practice to sustain in our courts actions of book account, both in favor of and against corporations of almost every character, public and private. In a science consisting of precedents, so long and uniform a course of practice, although, in some sense, *sub silentio*, is of very great weight in determining a question of this nature. The case of *Bradley* v. *Richmond*, 6 Vt. R. 121, which is relied upon by the defendant, is not a case resting upon any such obvious principle of policy as would be likely to induce the court to extend it to others, but remotely analogous to it. The present case is not similar to that case. The fact that the plaintiffs cannot testify is no good reason why they should not be allowed to keep a book and to call upon the defendant as a witness to prove its correctness.

Whether moneys received by the defendant, as agent of the company, can be recovered in this form of action, depends upon the facts in the case. It is evident the defendant was not a mere depositary of the money. Upon the receipt of it, the defendant became debtor to the company, and there would seem to be no good reason why the money might not as well be recovered in this form of action as money received in any other mode. It is very clear that an action of account will lie in the present case. *Scott* v. *McIntosh*, 2 Camp. R. 238. In that case the plaintiff was nonsuited on account of the difficulty of adjusting such complicated dealings in a trial by jury. The action was assumpsit, and the claim was for brokerage and commissions. Lord Ellenborough says, this is not the appropriate tribunal for investigating complicated mutual demands. The plaintiff should have brought an action of account. In a subsequent case, *Tomkins et al.* v. *Willshire*, 5 Taunt. R. 431, decided in 1814, it was held that assumpsit will lie for the *balance* of *an account*.

It is said in Fitzherbert's *Natura Brevium*, 270, 6, "that if a man sue an action of debt upon arrearages of account,

before auditors, and hath the party arrested, that he shall have a writ out of the chancery unto the sheriff to keep him in prison until he hath paid those arrearages." Hence, the author concludes, if he is to be detained in prison till he do answer the action of debt, that he is *bound* to answer, and the action will well lie. Hence, it may be further inferred, that, notwithstanding the case of *Scott* v. *McIntosh* and *Topham* v. *Bradick*, 1 Taunt.R. 572, where it was considered that a special demand and refusal to account might be necessary to lay the foundation of an action of debt or assumpsit for the balance of an account, it is now well settled that such action will lie, as well, and upon the same proof, as an action of account. Our action of book account is strictly in debt to recover the balance or arrears of the account between the parties, so that the principle of the action, whatever may have been its origin, is found deeply laid among the ancient foundations.

If so, book account will lie in this case. From the very nature of this transaction and the course of the company's dealing, with their agents, it must have been expected that the defendant would become debtor to the company for all their moneys which he consented to receive from persons insured by the plaintiffs through the defendant's agency. Such was, it seems, their practice with all their agents. From the nature of the business, it could not have been otherwise, and if we supposed the defendant aware of the nature of the business he entered upon, and the necessary course of its fulfilment, we must consider him as consenting to this arrangement. This, it is evident, he did do. He is, therefore, liable in this form of action. The fanciful notion which some have entertained, that money alone could not be recovered in this form of action, has never been considered as law in this state. If such a principle ever obtained any where, it must have been at a time when the course of business was different from what it is at present.

Judgment affirmed.