JONATHAN WHITNEY v. JOSEPH S. SEARS.

The plaintiff in a case originally commenced before a justice of the peace, and which came into the county court by appeal, raised the *ad damnum* in his writ from a sum within the justice's jurisdiction to $1000, by leave of court; the defendant, at a subsequent term, moved to dismiss the suit for want of jurisdiction in the county court, and the plaintiff moved for leave to reduce his *ad damnum* to its original sum ; and it was held that the county court might allow such second amendment, and that, if it was made before any trial was had in the case, the jurisdiction was not affected by the first amendment.

It must appear from the caption of a deposition that it was taken at the request of one of the *parties* to the suit, in which it is to be used, or the deposition cannot be received as testimony in the case.

THIS was an action of trespass for assault and battery, commenced before a justice of the peace, and came into the county court by appeal at the November term, 1842. At that term the plaintiff, in pursuance of leave of court, obtained by him, raised the *ad damnum* in his writ from $100, at which it then stood, to $1000. At the next term the defendant filed a motion to dismiss the suit for want of jurisdiction in the county court, and the plaintiff moved for leave to reduce the *ad damnum* to the original amount, $100. The county court permitted the plaintiff thus to amend a second time, and refused to dismiss the action; to which the defendant excepted. This was before any trial was had in the case.

On trial the plaintiff, to sustain the issue upon his part, offered in evidence two depositions, from the caption of which it appears that they were taken at the request of one Sanford Plumb. The defendant objected to the admission of these depositions, assigning as cause, that it did not appear that they were taken at the request of the plaintiff; but the court overruled the objection; to which the defendant also excepted.

The jury returned a verdict for the plaintiff.

*J. L. Buck* for defendant.

The first question in this case is, had the county court jurisdiction at the time the defendant filed his motion to dismiss ?

This suit was appealed from the decision of a justice, and if, at the time the motion to dismiss was interposed, it was not within the jurisdiction of a justice, then the court had no jurisdiction. The *ad damnum,* at the time of filing the motion, was one thousand dollars, and consequently was not within the jurisdiction of a justice, and this court, deriving all jurisdiction from the appeal, could exercise none farther than to dismiss the suit. If there be no original jurisdiction, there can be none appellate. 1 Vt. 488.

When it appears from the declaration that the court has no jurisdiction, any after proceeding will not help, because, the declaration showing a case not within the jurisdiction of the court, it cannot proceed at all. *Prindle* v. *Cogswell,* 9 Vt. 183. Upon the same principle, when it appears from any part of the record that the court has not jurisdiction, it cannot proceed, but must dismiss the action. *Richardson* v. *Denison,* 1 Aik. 210.

Another question is presented by the exception, relating to the caption of the depositions.

Depositions are only admissible as evidence by virtue of the provisions of statute. The statute contemplates that the justice shall certify at whose request the deposition is taken ; and who but a party to a suit can legally request the taking of a deposition ? In this case the justice has certified that the depositions were taken at the request of Sanford Plumb,—but does not say that he is the agent of the plaintiff, or defendant, and certainly he is not a party to the suit. There must be a literal compliance with the statute to render a deposition admissible. *Pingry* v. *Washburn,* 1 Aik. 264. So

Whitney v. Sears.

the names of all the defendants must be stated in the caption, or the deposition is inadmissible. *Swift* v. *Cobb et al.*, 10 Vt. 282.

*Vail & Upham* and *H. Carpenter* for plaintiff.

I. The court below allowed the plaintiff to amend his declaration by increasing the *ad damnum* to $1000. This was an amendment in furtherance of justice, and was a power incident to the courts of common law jurisdiction; its exercise is believed to be general in all the courts of this state. Motions to increase or reduce the damages laid in the declaration are allowed in the English and American common law courts before and after verdict. *Usher* v. *Dancey*, 4 M. & S. 94. *Pickwood* v. *Wright*, 1 H. Bl. 643. *Bogart* v. *McDonald*, 2 Johns. Cas. 219. *Dox et al.* v. *Dey*, 3 Wend. 356. *Danielson et al.* v. *Andrews et al.*, 1 Pick. 156. *Morton's Adm'rs* v. *Smith*, 4 Monroe's Ky. Rep. 313.

But it is said that, this action having been commenced before a justice of the peace, and carried to the county court by appeal, it is to be distinguished from cases originally commenced in courts of a general jurisdiction, and that the amendment raising the *ad damnum* to a sum exceeding the original jurisdiction of a magistrate ousted the county court of jurisdiction;—to which we answer,—

1. That if the county court had no power to allow the *ad damnum* to be raised to a sum exceeding $100, it could not divest itself of jurisdiction by granting a motion that it could not lawfully grant. The statute conferred upon the court below jurisdiction of this action. A jurisdiction thus given cannot be taken away by any illegal act of its own, or of the party; nor can a court, that has not jurisdiction of any subject matter, by any act of its own, or of either of the parties, give itself jurisdiction. *Glidden* v. *Elkins*, 2 Tyl. 218. *Church* v. *Vanduzee*, 4 Vt. 195. *Thompson* v. *Colony*, 6 Vt. 91. See, also, 1 Call's Va. Rep. 48, 7 Martin's Lou. Rep. 274, 3 Randolph's Va. Rep. 394,—cited in 3 Wheeler's Am. C. L., p. 543.

2. If the amendment was improperly granted, it does not follow that the case must be turned out of court. The result would be that the amendment would be disallowed, and the case restored to its former state. This has already been done in the county court; on motion of the plaintiff the *ad damnum* was reduced to its original sum before trial; consequently the amendment did not prejudice

the defendant; this court could do no more to relieve the defendant than was done in the court below. There is, then, no necessity for the court to disturb the verdict on this ground, as the error, if any, was properly cured in the court where it originated, before the cause passed to this court. *Barber* v. *Ripley*, 1 Aik. 84. *Morton's Admr's* v. *Smith*, 4 Monroe's Ky. Rep. 313, cited in 1 Wheeler's Am. C. L. 329. *Emerson* v. *Wilson*, 11 Vt. 357.

II. The depositions were properly admitted. The certificates and captions were precisely according to the form prescribed by the statute. The magistrate certifies that the depositions were taken at the request of Sanford Plumb. This was according to the truth, and was a compliance with the statute. The statute does not require that a magistrate should certify that a deposition was taken at the request of a party to the suit, or at the request of the party in whose behalf it is intended to be used. It only requires that he should certify at whose request it was taken. This he did do. From the facts in the case the court would easily infer that Plumb was the agent of the plaintiff.

The opinion of the court was delivered by

HEBARD, J. The county court permitted the plaintiff to raise his *ad damnum* from the justice's jurisdiction to one thousand dollars. The cause was then continued, and at the next term of the court the plaintiff obtained leave of the court to moderate his claim, and to restrain it within the limits which he at first prescribed. The defendant at the same term moved to dismiss the action, on the ground that the justice had no original jurisdiction of it. The question is in relation to the effect that those alterations had upon the action.

When the action came into the county court, none of these imperfections were upon it. The county court had appellate jurisdiction, and the justice had original jurisdiction. We therefore think it would not do to say that this writ was thus amended out of court, —especially as it was restored to its original condition, before any action was had upon it. If the defendant had taken trial upon it, and the plaintiff had recovered more than one hundred dollars, an interesting inquiry might then have been suggested, in relation to that judgment. The difficulty in that case would be, that the papers

Whitney *v.* Sears.

in the county court upon which the judgment was rendered, *purporting* to be copies, would no longer be copies, and the judgment would undoubtedly be erroneous. But when the papers are restored to what they were before, the objection does not exist; they are what they purport to be. The case that is in the county court is the same case that is in the justice's records.

After the copies had been thus mutilated by raising the *ad damnum,* instead of asking leave of the court to have these papers restored, suppose the plaintiff had obtained leave of the court to file a new set of copies from the justices records, and to have them substituted for the first. In such case I have no doubt of the power of the court to grant the leave. Imperfect copies are sometimes produced; the court grant leave to have them perfected. The justice sometimes makes an imperfect record and sends up corresponding copies; the court permits the party, after the justice has perfected his records, to file new copies of the record thus perfected. The case being properly in court, it is in the power and discretion of the court to allow imperfections in the papers to be corrected.

There is a farther question in this case in relation to the caption of some depositions. In the caption it is stated that they were taken at the request of Sanford Plumb, who is not one of the parties. The form of the caption is a part of the law; it is not a form got up in accordance with the provision of the law, but it is the law itself. But it is said that the form does not require that the *request* should be from one of the parties, and it is true that it does not in so many words, but it is equally imperative, if in its terms it precludes any other conclusion. It requires that it should state at whose request the deposition was taken, to state the occasion on which it is to be used, to give the name of the parties, the cause for taking it, and to state whether the *adverse party* was notified. The inquiry is here suggested,—*adverse* to whom? The answer must be apparent,—*adverse* to the party at whose request the deposition was taken. But if the deposition is not taken at the request of one of the parties to the action, how does the justice know who the adverse party is?—and how does he know when the adverse party has been notified?

The caption to these depositions not being in compliance with the statute, they should not have been admitted, and for this the judgment is reversed.