## SCHOOL DISTRICT NO. 1, IN ST. JOHNSBURY, v. MOSES KITTRIDGE AND CHARLES STARKIE.

*Duties and liabilities of listers. Rights of school districts against them.*

A school district may sustain an action against the listers, if they designate any part of the property, which belongs to and is taxable in their district, as belonging to another school

district, so that the plaintiff district is deprived of the benefit of the list upon that property in the assessment of their taxes.

If such a designation has been wrongfully made, the listers will be liable, if they refuse or neglect to correct it, when requested by a special committee of the injured district, though no request be made by the prudential committee.

The decisions in *Fairbanks & Co.* v. *Kittridge et al.*, 24 Vt. 9, in reference to the ministerial character of the duty of the listers to designate the school district in which assessed property is situated, and their liability for a neglect of that duty; and in reference to the designation of the personal property of a partnership, as being in the school district where a portion of it is situated, where the partnership business is carried on, and where a majority of the partners reside, *recognized* and *affirmed*.

ACTION ON THE CASE against the defendants, for having, as listers of the town of St. Johnsbury, in the year 1852, designated, in the grand list of that town for that year, $20,000 worth of the personal property of E. & T. Fairbanks & Co., which was situated and belonged in school district No. 1, as being in school district No. 2, in said town; and for refusing to correct said designation when requested, whereby the plaintiffs were deprived of the right of assessing any part of their taxes upon the list of said property.

Under the plea of the general issue, and upon a trial by the court, at the June Term, 1854,—PECK, J., presiding,—testimony was introduced, proving the following facts. The firm of E. & T. Fairbanks & Co., carried on a large manufacturing buisness in St. Johnsbury, in the years 1851 and 1852,—their principal business being the manufacture of scales, the most of which they sent, by railroad, to other states and countries, for sale, from time to time as they were manufactured. Their shops and counting room where all their business was carried on were in district No. 1. Their personal property, on the 1st day of April, 1852, consisted principally of scales manufactured by them, or in the process of manufacture, and were in school district No. 1, with the exception of those sent abroad for sale, and those at the railroad depot in St. Johnsbury, which was situated in district No. 2, and where, at times, and more usually in the spring of the year, they would have a quantity of them deposited for the purpose of being sent abroad for sale. Three of the members of the firm resided, in 1852, in school district No. 1, one in school district No. 2, in said St. Johnsbury, and one in the city of New York. The said firm were assessed in the grand list of St. Johnsbury, for the year 1852, by the defendants,

who were the listers for that year, at the sum of $100,000, on account of their personal property, debts due and money connected with and growing out of their copartnership business; and the defendants, as such listers, designated $20,000 of said $100,000, as being in school district No. 2. They made no separate appraisal of such personal property of the firm as was within the limits of district No. 2, on the 1st of April, 1852, and did not designate that particular property as being there, but they designated one-fifth of the whole, as being in said district No. 2, on the ground that one of the five partners resided in that district. After the defendants had made said designation, the plaintiffs appointed a committee, neither of whom were members of their prudential committee, to request, and who did request, the defendants to correct said designation, and designate all of said $100,000, as being in their district, which the defendants declined to do. Taxes were assessed on the list of said $20,000, for school purposes, for district No. 2, and was collected by the sale of property of the company. A tax of $50 was voted and raised by the plaintiffs, on the list of 1852, and they claimed to recover of the listers for their time and trouble in endeavoring to obtain a correction of the list, and such a sum as would have been assessed on said $20,000, if it had been set to their district at the time they assessed said fifty dollar tax. It appeared that the defendant Kittridge was informed, before he made said designation, of the decision made by the supreme court, in *Fairbanks & Co.'s case*, reported in 24 Vt. 9, and of the ground upon which it was decided, but the court did not find any malice or intention to injure the plaintiffs, on the part of the defendants, in their acts which the plaintiffs complained of. The court rendered judgment in favor of the plaintiffs for $1, damages, and their costs, but decided that the claim for such portion of the fifty dollar tax as would have been assessed on the $20,000, had it been designated as belonging to their district, was not damages sustained by the plaintiffs, in their corporate capacity, but a damage to the inhabitants of the district, whose taxes were increased by not having said $20,000 set to said district, and did not include it in the damages assessed, and to this the plaintiffs excepted. To the rendition of a judgment in favor of the plaintiffs, for any sum, the defendants excepted.

School District *v.* Kittridge et al.

*A. J. Willard* and —————————— for the defendants.

*S. W. Slade* and *Peck & Colby* for the plaintiffs.

The opinion of the court was delivered by

ISHAM, J. The plaintiffs have brought this action in which they complain that the defendants, as listers of the town of St. Johnsbury, have wrongfully divided the list of E. & T. Fairbanks & Co., in relation to their personal property; having designated one-fifth of the same as being in district No. 2, when it should have been designated as being in district No. 1. It appears that a tax of about fifty dollars was laid in district No. 1, in the year 1852, and that in collecting that tax, the district have been deprived of the benefit of that property on which to make their assessment, in consequence of the property being designated by the listers, on the grand list, for district No. 2.

It is insisted that the plaintiffs cannot sustain an action for this matter, and that they have sustained no damages for which this suit can be prosecuted. The statutes, p. 146, § 23–24, provides that a school district shall have all the powers of a corporation for the purpose of maintaining schools, holding property for that purpose, and for prosecuting any action for the nonperformance of any contract, or for any damage done to their property. School districts, like towns, are *quasi* corporations, and have those powers which are incident, and necessary to carry into effect the purposes for which they were organized. The listers are required, by the statute, p. 457, § 35, to designate in the grand list, the number of the school districts in which all real estate is situated, and set in said lists the appraised value of all real and personal estate, in each district severally. The object of that provision is, to furnish the proper evidence of the amount of property in the district, on which taxes are to be assessed;—and, when designated, it becomes so far the property of the corporation, as to be the source from which their means are derived, and by which they are enabled to carry into effect the object of their organization. That duty is imposed on the listers, by the statute, and is due to the corporation, and for any neglect of that duty, they are liable for such damages as may have been sustained. It is a common principle, that, when a duty is imposed by law, an action can be sustained by those to whom

that duty is owing, for such damages as have been sustained by any neglect in its performance.

When the duties of listers are judicial in their character, the listers are liable only when they are influenced by some illegal motive, but when those duties are ministerial, they are liable for any neglect of duty from which damages have resulted. These principles, in relation to the duties of the listers, and their liability for any neglect in the performance of them, were expressly decided in the case of *Fairbanks & Co.* v. *Kittridge et al.,* 24 Vt. 10. It is true, the tax-payers are individually injured by that neglect, but that injury is more consequential and indirect. The district, as a corporation, are more directly injured by being deprived of that property on which their taxes are to be assessed, and from which they are enabled to pay their corporate expenses and debts.

By the 36th section of the act, p. 457, it is provided that, if that duty of the listers is neglected, and no designation of the property is made, in any school district, the prudential committee are authorized to make application to the listers for that purpose. If the listers have neglected to make such designation in any district, that duty is imposed on the prudential committee; but when a designation has been wrongfully made, and they refuse or neglect to correct it, we think, the request for that purpose is sufficient, when made by a committee appointed by vote of the district.

The only question, remaining in the case, arises, whether the designation of one-fifth of that tax to district No. 2, was legal, or should it have been designated in district No. 1. On this question, it is only necessary to observe that, that question was considered and decided in the case of *Fairbanks & Co.* v. *Kittridge et al.,* 24 Vt. 14. In that case, Ch. J. Royce observed, "that the whole "property should have been designated as being in the district "where a portion of it was situated, where the partnership busi-"ness was carried on, and where a majority of the partners resided." We think, therefore, that the plaintiffs can sustain this action, and recover such damages as they have sustained by the refusal of the defendants to designate that property as being in district No. 1. The amount of those damages being agreed to by the parties, the judgment of the county court is reversed, and judgment is rendered for the plaintiffs for the sum stipulated.