MARTIN ESTY *v.* MARTIN J. LOVE AND NELSON MYERS.

*Replevin.*

The owner of property, attached in a suit against another, may maintain replevin therefor against the attaching creditor and the officer jointly, when the former assisted in taking the property, and took it into his own possession after the attachment.

REPLEVIN for a horse and harness.    The case was referred to a referee who reported certain facts showing that the property replevied belonged to the plaintiff and, while in his possession, was attached and taken in a suit in favor of the defendant Love against one Mallory.    The writ on which this attachment was made was served by the defendant Myers, to whom it was directed as an authorized person, but the attachment was made by him under Love's directions, who was with him at the time and assisted him in taking and removing the property, and had it in his actual custody when it was replevied.

Upon this report the county court, at the June Term, 1859,—PIERPOINT, J., presiding,—rendered judgment for the plaintiff, to which the defendants excepted.

*U. M. Robinson*, for the defendants.

*Cushman & Meacham*, for the plaintiff.

BARRETT, J.    The report of the referee shows a state of facts which upon settled principles of law invests the plaintiff with full

title to the property in question, both as against Mallory and wife, and their creditors. The counsel for the defendants does not seem to really rely in argument on the want of sufficient title in the plaintiff to entitle him to the possession of the property.

The ground of defence that is relied upon and urged is, that replevin in a case like the present, should be brought solely against the officer who attached the property. This is sought to be maintained upon the authority of *Richardson* v. *Reed et al.*, and of *Skilton* v. *Winslow et al.*, 4 Gray 441. In these cases the creditors in the attachment who were made defendants, had nothing to do with the taking or possession of the property except to direct the officer to attach it.

In the present case the attaching creditor not only directed the property to be taken by attachment on his writ, but helped the officer in taking and removing it from the custody of the plaintiff, and immediately took and retained the actual possession of it in concurrence with the officer, up to the time the replevin was served.

This fact so distinguishes this case from those above cited, as to prevent such an analogy as would render those cases authority to sustain the present ground of defence. The decision of those cases is put and made to turn upon the fact that the defendants, upon whose writs the property had been attached, never had either the possession of it or the right of possession. Judge METCALF well says "The writ of replevin assumes that the goods which are to be replevied have been taken, detained or attached by the defendant, and are in his possession or under his control."

All which is true as to the defendant Love in the present case, and true also of the other defendant by his participation and official relation.

It is needless to say how we should decide in a case like those above referred to. There certainly is a creditable show of authority to sustain the ruling of Judge HOAR at *nisi prius.*

It is obvious upon principle, and established by many decisions in this State, that neither the officer nor attaching creditor derives any immunity as against the owner of personal property, from the fact that such property is taken by them upon a writ or execution

against another person.   Both the officer and the creditor stand as naked and unprotected trespassers.   And there is no reason why both should not be subject to *replevin* as well as *trespass,* when the creditor actually participated in the original taking, and has the actual possession of the property up to the time of the service of the replevin.

The provisions of the statute as to the course of proceeding in replevin, when property has been attached not belonging to the debtor, cannot be regarded as controling or modifying the right of the owner of the property to resort to his replevin to obtain possession, and try the title against the person who had an active hand in taking, and continues in the actual possession of it, even though he be the attaching creditor.

The judgment is affirmed.