HORACE J. JOHNSON v. DANIEL R. SARGENT.

*Deposition.*

Where a deposition is taken for the reason that the deponent is going out of the state not to return before the next term of the court in which the suit is pending, but does return and is present at that term, but the case is then continued, and the deponent again leaves and remains out of the state until after the term at which the case is tried, the deposition is then admissible.

TRESPASS *quare clausum fregit.* Plea, the general issue. Trial by jury, December term, 1867, PECK, J., presiding.

The plaintiff, to maintain the issue on his part, among other testimony offered the deposition of one Henry McDuffee, which was objected to by the defendant for the reasons stated in the opinion of the court, but the same was admitted by the court and read to the jury, to which the defendant excepted.

*William & S. B. Hebard,* for the defendant.

———, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, C. J. The only question presented by the exceptions is as to the admissibility of the deposition of Henry McDuffee. It appears that the deposition was taken for the reason that the deponent was going out of the state not to return before the then next term of the court in which the suit was pending. This, by our statute, was a sufficient and a legal cause for taking the deposition. The deponent having left the state and not having returned before the term at which the deposition was taken to be used, the deposition would then have been admissible if the trial had come on, but as no trial was had, the case was continued and the deposition was not used. After said first term and before the next, the deponent returned to the state, remained for a time, and again went out of the state and remained out of the state until after

the term of the court at which the case was tried and the deposition used.

The defendant now insists that, for the reason that the deponent returned into the state after the term at which the deposition was taken to be used, so that if the trial had come on while he was here the deposition could not have been used, the cause for taking it had ceased to exist, and the deposition was inadmissible; that to render it admissible it must have been retaken prior to his leaving the state the second time and for that reason.

The deposition having been taken in the manner prescribed in the statute, and for a cause that the statute declares shall make it admissible in evidence, it is somewhat difficult to discover any good and sufficient reason for subjecting the party to the inconvenience and expense of retaking the deposition, when the very same state of facts exist at the time it is offered that it was expected would exist at the time it was taken, and to meet which this method of securing the testimony of the deponent was resorted to. The opposite party had the same opportunity to be present and cross examine the deponent on the first taking that he would have upon the second, so that no benefit would be derived by any one by putting such a construction upon the statute as would compel the party, under such circumstances as exist in this case, to retake the deposition.

The principle involved in this case is expressly recognized in *Starksboro* v. *Hinesburgh*, 15 Vt., 200. In that case the deposition was taken for the reason that the deponent by age and bodily infirmities was rendered unable to attend court; but when the trial came on at the term at which the deposition was taken to be used, the deponent appeared in court and testified. This rendered the deposition at that term inadmissible; at a subsequent term, when the deponent could not attend, the deposition was held to be admissible. ROYCE, J., in delivering the opinion of the court, says: "The deposition is conceded to have been regularly taken, and for sufficient cause within the statute. It therefore became legal testimony in the necessary absence of the witness. The unexpected attendance of the witness at the term for which the deposi-

tion was taken, suspended the use of it for that term, but did not affect it as competent testimony at the subsequent term when the witness could not attend. It would require the witness himself to keep out the deposition, and not merely his former testimony received at second hand." In that case the right to use the deposition ceased when the deponent appeared in court. It cannot be said that the cause for taking it then existed, for he was actually in court, and the reason why the deposition could not then be used was because the cause of taking it did not then exist; but when the cause was revived the right to use the deposition was renewed. So in this case, when the deponent was in the state the right to use the deposition was suspended, but when he again left the state the right to use the deposition revived.

And upon principle I am unable to see why a deposition that has been taken for any stated cause should not be admissible in any case where the party, who has caused it to be taken to be used in that case, is not able to procure the attendance of the deponent in consequence of the existence of some cause, that would make the deposition admissible under the statute, if taken for that particular cause.

But we have no occasion to go to that extent in this case, as the cause for which the deposition was taken was of the same character as that which rendered its admission necessary to the party offering it.

The judgment of the county court is affirmed.