PARKER CARR *v.* JOHN SEVENE; J. GREGORY SMITH AND OTHERS, TRUSTEES, AND C. W. WHITTAKER, CLAIMANT.

*Trustee Process.*

Suit before a justice ; judgment against principal defendant by default; trustees adjudged chargeable ; appeal by claimant. In county court, commissioner appointed and called out, without objection by plaintiff. Claimant never filed allegations. *Held*, so far a waiver by the plaintiff, that he could not object to claimant's being heard before the commissioner because allegations were not filed.

*Semble* that it is discretionary with the county court whether it will order allegations to be filed.

It was agreed among the defendant, claimant, W., and the trustees, that the defendant should perform service in the employment of the trustees, for the claimant, in W's name, and that W. should receive the pay therefor from the trustees, and pay the same to the claimant ; in consideration whereof the claimant agreed to and did advance supplies to the defendant for the support of his family, whereby the defendant was enabled to perform the service. *Held*, an original undertaking, and not an assignment of a present or prospective claim, and that the trustees were not chargable as trustees of the defendant.

ASSUMPSIT, commenced before a justice of the peace, where judgment was rendered against the defendant by default, and the trustees adjudged chargeable upon their disclosure for the amount of the judgment. The claimant appeared before the justice and appealed. The appeal was entered at the December term, 1872, judgment against the defendant affirmed, and a commissioner appointed, whose report was filed at the December term, 1873. The claimant filed no allegations. The commissioner reported as follows :

" Before the hearing of any witnesses on the part of the claimant, the attorney for the plaintiff objected to the claimant's right to be heard by the commissioner, for the reason that said claimant had neglected to file in court any declaration or allegation of his right or claim to the funds in the hands of said trustees. The objection was overruled, and the hearing proceeded with.

" About the first of May, 1872, the principal defendant desired to go to work for the trustees in their rail-shop at Windsor. The trustees paid their employes once a month, and the defendant could not work for them unless he could find some one who would give him credit for provisions or family supplies, as he was poor,

and needed his wages from day to day in order to support his family. He accordingly applied to the claimant Whittaker, to give him credit for provisions, etc., for the support of his family. The claimant, who was a merchant, doing business at Windsor, finally consented to give the defendant credit, in consideration that one W. R. Weston's name should be entered upon the pay-roll of the trustees, as their employee ; that defendant should work for the trustees, and that Weston should receive the pay for his work, and should pay over the proceeds thereof to the claimant. This arrangement was made by defendant, Whittaker, and Weston, about the 1st of May, 1872, and before defendant began to work for the trustees. After this agreement was made, the claimant, by consent of defendant and Weston, went to the foreman of the rail-shop, and directed to have the name of Weston put on the trustees' 'pay-roll, instead of the defendant's name. In accordance with this direction, Weston's name was sent into the pay-master of the trustees, and was borne on their pay-rolls for the months of May, June, and July, and the defendant's name never appeared on said rolls. In accordance with the foregoing arrangements, the claimant gave credit to the defendant to quite a large amount, for provisions and family supplies. And on the 20th of June, 1872, Weston received from the trustees a check payable to him, or order, for $37 or $38, the amount due for the work of Sevene for the month of May, which check Weston handed or paid to Whittaker, who gave the defendant credit on his books for $18 of it, and paid to the defendant the balance. After this, defendant continued to work for the trustees, Weston's name continued to be borne on the said pay-rolls, and the defendant continued to obtain credit of Whittaker according to the agreement ; and this state of things continued up to and after the service of the writ in this case. On the 20th of June, 1872, the defendant owed the claimant $39.75 ; on the 15th of July following, he was indebted to the claimant in the sum of $49.85. The defendant paid to the claimant nothing after the payment of $18, until the last of July, 1872. On the 23d of August, defendant paid claimant $24 ; on the 24th of September, $22.50 ; on the 26th of October, $25. The balance now due to the claimant from the defendant is $23.75. About the first of July, 1872, this suit was instituted. The trustees disclose that they have in their hands the sum of $32.25, and that they are ready to pay over the same to Weston, Sevene, or Whittaker, as the court shall order. It did not appear whether the foreman of the rail-shop had any authority to send in to the paymaster's office, the name of Weston instead of Sevene. The paymaster never authorized it. It does

not appear that the trustees ever received any notice of the assignment of the defendant's pay to the claimant, except as is above set forth ; or that the foreman knew of it, except as he might know it from the directions of Whittaker to send in Weston's name as aforesaid. The defendant worked for the trustees by the day, at $1.50 per day. The said sum of $32.75, in the hands of the trustees, is the amount due for defendant's labor for the month of June. The commissioner, from the foregoing facts, finds that the claimant is entitled to receive from the said trustees, the said sum of $32.75, subject to the opinion of the court upon the foregoing facts. The defendant owed nothing to Whittaker when Weston's name was put on the pay-rolls as aforesaid, but very soon after did become indebted to him. The trustees' pay roll is made up in the manner following, to wit, the foreman of the shop, at the end of each month, sends in to the paymaster, the names of the men working under him, and a statement of the time worked by them, and from these data, the pay-roll is made up."

The plaintiff excepted to the report, 1st, because the claimant should not have been heard by the commissioner, having filed no allegation or specification of his claim to the funds in the hands of the trustees ; 2d, because the facts reported by the commissioner did not show an assignment valid against the trustee process in this suit.

The court, at the December term, 1873, BARRETT, J., presiding, rendered judgment on the report for the claimant ; to which the plaintiff excepted.

*J. N. Edminster*, for the plaintiff.

The claimant was entitled to no hearing in this case. The proper construction to be put upon the statute which allows claimants to enter in trustee suits, is, to require them to file allegations, setting forth the grounds of their claim. Gen. Sts. ch. 34, § 55 ; *Russell* v. *Thayer et als.* 30 Vt. 525.

The report shows no valid transfer as against the trustee process in this suit. *Hall* v. *Jackson*, 20 Pick. 194 ; *Corrigan* v. *Gidbottom*, 3 Met. 297 ; *Mulhall* v. *Quinn*, 1 Gray 105 ; *Whittle* v. *Skinner*, 23 Vt. 531 ; *Low* v. *Pew*, 108 Mass.

*Pingry*, for the claimant.

The opinion of the court was delivered by

Ross, J.  I.  The plaintiff objects to the judgment of the county court, on the ground that the commissioner erroneously heard the claimant.  The plaintiff claimed at the hearing before the commissioner, that the claimant had no right to be heard, for the reason that he had neglected to file in the county court any declaration or allegation of his right or claim to the funds in the hands of the trustees.  We do not think that this proceeding before the commissioner, furnishes any ground for reversing the judgment of the county court, under the circumstances which exist in this case.  The trustees were adjudged liable by the justice court.  The claimant appeared at the trial in that court, and brought the case to the county court by appeal.  In the county court, the plaintiff, without any declaration or allegation of his claim or right to the funds having been filed by the claimant, consented to the appointment of the commissioner.  The trustees made no question about their liability to some one.  The only issue was that between the plaintiff and claimant as to which of them was entitled to the funds in the trustees' hands.  The statute provides that the claimant may allege and prove any facts material to the establishment of his claim.  Gen. Sts. ch. 34, § 55. It does not prescribe the manner in which the allegations shall be made.  That seems to be left to the discretion of the court before which the proceedings are had.  If the plaintiff had objected to the appointment or calling out of the commissioner, because the claimant had filed no allegation of his claim to the funds, doubtless the county court would have made the filing of such allegation a condition precedent to the appointment or calling out of the commissioner.  On the coming in of the commissioner's report, if it had appeared that the plaintiff had been prejudiced in the hearing before the commissioner, through the failure of the claimant to file allegations setting forth his claim to the funds, the county court might, in the exercise of a sound discretion, have ordered such allegations filed, and that the matter be reheard before the commissioner.  But if that court was satisfied that the plaintiff had not been prejudiced in the hearing before the commissioner

73

by such neglect or failure of the claimant, it would not be the duty of that court to set aside the report, and order a new hearing. The report of the commissioner furnished the facts necessary for the foundation of the judgment of the county court. Whether the absence of allegations filed by the claimant, furnished any substantial ground for setting aside the report of the commissioner, was addressed to the sound discretion of the county court; and if the exercise of such discretion by the county court could be revised by this court, from anything that appears, it was exercised wisely in this case. In *Towne* v. *Leach et al.* 32 Vt. 745, it was decided that it was too late to object in the supreme court that no allegations had been filed by the claimant, where a trial has been had of the claims of the respective parties, upon their substantial merits, without raising such objection before the commissioner or in the county court. This is all that it was necessary to decide on the facts of that case. It shows that a legal judgment can be rendered by the county court in a case in which the claimant has filed no allegation. If such allegations can be altogether dispensed with in any case, it would seem to follow as a necessary conclusion, that it is discretionary with the county court whether it will order them filed or not. Whether the filing of allegations by the claimant, wholly rests in the sound discretion of the county court or not, we think that the plaintiff in this case, by allowing, without raising this objection, a commissioner to be appointed, and called out to try the very issue whether the plaintiff or claimant should hold the funds in the trustees' hands, so far waived the filing of the allegations, that he could not insist that the case should not be heard without them.

II. The plaintiff also excepts to the report of the commissioner and judgment of the county court, because the facts reported by the commissioner, do not show an *assignment, valid* against the trustee process. The reported facts show that the trustees never owed the defendant any debt which he could enforce in his own name. The indebtedness of the trustees for the labor of the defendant, accrued to Weston, for the benefit of the claimant so far as the defendant should be indebted to the claimant for supplies advanced by him to the defendant, to enable the defendant to per-

form the services for the trustees. No question of assignment of this indebtedness arises on the facts reported. The only question raised by the facts reported is, to whom and for whose benefit did the indebtedness accrue ? The arrangement between the defendant, claimant, Weston, and trustees, was, in effect and substance, that the defendant should perform services in the employment of the trustees for the claimant in the name of Weston, who should receive the pay from the trustees, and pay the same to the claimant, in consideration of which the claimant agreed to advance and did advance supplies to the defendant and his family, to enable him to perform such services. It was an original undertaking, and not the assignment of any claim existing, or which was to be thereafter created. We find no error in this respect in the acceptance of the report by the county court, nor in the judgment it rendered on the facts reported.

Judgment affirmed.