VERMONT FRUIT COMPANY *v.* O. H. WILSON AND TRUSTEE. FARMERS' UNION BANK, CLAIMANT.

November Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 4, 1918.

*Evidence—Admissibility—Process—Ministerial and Judicial Acts—Trustee Process—Claimant—Depositions—By Whom Taken—Formal Requisites—Presumptions—Objections.*

In a hearing to determine the sum due from a bank, summoned as trustee in an action of contract, to the principal defendant, it was proper for the claimant to show by the treasurer of the bank that

a draft drawn on the plaintiff was received by it from the claimant, and that, before it had time to remit the funds, the trustee process was served upon it; and the fact that the witness said on cross-examination that his testimony was his recollection from data taken from the records of the bank did not render it inadmissible.

The signing of a writ of attachment, a summons or a citation is a ministerial act, and may be done by the attorney for the party at whose instance the process is issued.

When an act is in a matter calling for the exercise of judgment and discretion, the act is judicial; but when the exercise of judgment and discretion is not required, the act is ministerial.

The claimant of funds in the possession of a bank summoned as trustee in an action of contract is so far a party to the suit as to enable him, before being admitted as a party claimant, to take a deposition in support of his claim in the manner prescribed by statute, notice having been duly served upon the plaintiff in the suit.

Where it is clear that no injustice will result in the admission of a deposition in evidence, departure from the strict letter of the statute in minor and formal matters may be disregarded.

If a deposition purports to have been taken by competent authority, the official character assumed and the authority of the person who acted will be presumed until the contrary appears; and so, when a magistrate who took a deposition designated himself as "Clerk and Master of Chancery Court of Lauderdale County, Tennessee," it will be presumed, nothing to the contrary appearing, that the two capacities combined were necessary to give the authority to take the deposition.

Where the cause assigned in the citation for taking a deposition is according to the fact, and is a legal cause, the objection that the real cause is not stated is not well founded.

*Whitney* v. *Sears*, 16 Vt. 587, and *Clark's Admr.* v. *Wilmington Savings Bank*, 89 Vt. 6, distinguished.

ASSUMPSIT. Heard on the report of a commission upon the question of the right of the claimant to the funds in the hands of the trustee at the September Term, 1916, Chittenden County, *Waterman* J., presiding. Judgment for the claimant. Plaintiff excepted. The opinion states the facts.

*John J. Enright* and *V. A. Bullard* for plaintiff.

*Max L. Powell* for claimant.

MILES, J.   This is an action of contract, commenced by trustee process, in which the Farmers' Union Bank is claimant, and the controversy arises between the plaintiff and the claimant over the fund trusteed.   The case was referred to a commissioner upon whose report and finding of facts the judgment below was rendered for the claimant.   Exceptions to this judgment and to rulings of the court on trial were taken by the plaintiff; but only two of those exceptions have been briefed and we confine our consideration to the exceptions briefed.

From the commissioner's report and the files and records of the court in this case, referred to and made a part of the commissioner's report, it appears that on May 23, 1916, the principal defendant made a draft for $720 upon the plaintiff, payable to the claimant and guaranteed by the Howard National Bank of Burlington, Vermont, and on that day delivered the same to the claimant for cash with which to pay for a carload of berries; that afterwards the draft was sent through the regular correspondents of the claimant to the Chittenden County Trust Company of Burlington, Vermont, the trustee in this suit, for collection; that upon receipt of the draft the trustee made demand of payment, and the same was paid on the first day of June, 1916, and on the same day this suit was brought by the plaintiff against the defendant Wilson, and the money paid on the draft was then trusteed.   On the 10th day of June, 1916, Max L. Powell, a Master in Chancery and an attorney for the claimant, issued a citation notifying the plaintiff of the taking of the deposition of Vernon Peters, before A. O. Durham, Clerk and Master of Chancery Court, Lauderdale County, Ripley, Tennessee, on the 24th day of June, 1916, in which the plaintiff, defendant and claimant were described as parties to the suit, and service of the citation was made upon the plaintiff on the 12th day of June, 1916, and this suit was entered and docketed on the day last named.   On the 24th day of June the deposition was taken according to notice without appearance on the part of the defendant.   On July 13, 1916, the claimant filed in court his application to be admitted as a claimant in this suit and also filed a statement of his claim, and on August 16, 1916, the claimant filed a bond in the suit and on the 28th day of August he opened and filed the deposition of Peters, in court, and at the September term of the Chittenden County court, to which this suit was made returnable, the claim-

ant was admitted by that court to enter as a party claimant in this suit.

The first exception insisted upon in plaintiff's brief was to the admission of questions to the witness, Worthen, Treasurer of the Chittenden County Trust Company, as follows: "Did a draft come through the First National Bank of Concord, New Hampshire, from the Farmers' Union Bank of Ripley, Tennessee, for $720, on May 31, or June 1, 1916, drawn on the plaintiff?" To this question the witness replied in substance, that his bank received a draft from some bank the name of which he did not remember, through the First National Bank of Concord, New Hampshire, drawn upon the plaintiff, which was paid in due time after the notice had been given the plaintiff. The course the draft had traveled appeared substantially in the endorsement on the back of the draft which was received in evidence without objection. The witness was further asked: "Before your bank had time to remit those funds what occurred?" The witness in substance answered that the bank was trusteed and that the funds were still in its possession. The officer's return on the writ shows that the bank was trusteed. Both questions were objected to by the plaintiff as incompetent and immaterial and answers were received subject to exception. On cross-examination the witness was asked, "Is what you have testified to from your own personal recollection?" To this question the witness answered: "It is my recollection from data taken from the records of the bank." Thereupon the plaintiff moved to strike out all of the witness' testimony as it was not the best evidence and, upon the court's refusal to grant the motion, the plaintiff took an exception. None of the bank's records were in court and it does not appear that the plaintiff called for them; nor does it appear to what record the witness referred from which he refreshed his recollection. The testimony of the witness was as to matters of his own personal recollection refreshed by the bank's records as his answers show. And, though a record may have been made of the facts stated in the answer, first objected to, the answer was nevertheless admissible, there being no rule of law making that record, whatever it may have been, the exclusive proof by which that fact could be established. The answer to the second question objected to simply identified the bank as the bank trusteed which still held the funds in controversy between the claimant and the plaintiff, and the evidence, therefore, was

competent. The evidence was also material as one step in line with the claimant's evidence showing that the funds trusteed were the claimant's. What we have said in this connection disposes of the motion to strike from the record Worthen's testimony.

The grounds of the plaintiff's exception to the admission of the deposition, are several, and we take them up in the order taken in the plaintiff's brief.

The first ground of the objection is, that the citation was signed by the claimant's attorney. In support of this ground the plaintiff relies upon *St. Johnsbury* v. *Goodenough,* 44 Vt. 662; *Thomas* v. *Graves,* 90 Vt. 312, 98 Atl. 508, and argues that the reason underlying those cases applies in this case. Both of these cases relate to the appointment of a person to serve process. The appointment in those cases was an attempt to confer upon the person so appointed an authority not otherwise given to him by law. It can well be argued from such cases that to allow an interested party to make such appointments would enable him to select a wholly irresponsible person, mentally and morally deficient, to serve a process in which great interests might be involved. In the St. Johnsbury case the Court states the reason why an interested person should not have the power to appoint a person to serve process, in the following language: "To justify the authorization of a person to serve a precept, there are two subjects upon which the justice must exercise his discretion and judgment;—first, if the precept will fail of service unless such authorization is made, and second, upon the person whom he will authorize."

The signing of a citation or writ of summons, however, is not subject to such objection; for the signing of either requires no exercise of discretion or judgment and is designed simply to bring a party into court or before the magistrate taking the deposition, and the writ is returnable before a person appointed by law. The signing of a writ, a summons or citation is merely a ministerial act. *Fairbanks & Co.* v. *Kittredge et al.,* 24 Vt. 9; *School District* v. *Kittredge et al.,* 27 Vt. 650; *Henry* v. *Edson,* 2 Vt. 499.

The foregoing cases are in reference to the judicial and ministerial acts of listers and the holding in those cases in substance is, that when the act is in a matter calling for the exercise of judgment and discretion the act is judicial, and that when the

act is in relation to matters in which the exercise of judgment and discretion is not required, the act is ministerial.    In *Sinclair* v. *Gadcomb,* 1 Vt. 32, where a writ, returnable to the County court of Chittenden County, was signed by a councillor as ''Justice of the Peace for the whole State,'' it was contended on the part of the defendant that there was no such officer, for a judge of the Supreme Court as well as the councillor was a justice *ex-officio* for the whole state, and that, if the councillor who was a resident of Franklin County, could sign a writ returnable to the Chittenden County court the same could be done by a judge of the Supreme Court and therefore it should appear from the face of the writ whether the person signing it claimed to be a judge or a councillor, that the opposite party might have an opportunity to traverse the fact.    It was further objected that being a resident of Franklin County he could not in any event sign a county court writ returnable to the Chittenden County court.    Judgment was rendered for the plaintiff and the case was brought to this Court on a writ of error.    The judment was affirmed and Royce, J., delivering the opinion said; ''When the authority of councillors to sign these writs,, as justices of the counties where the writs issued, was thus established, it came to be generally understood, that such writs by them signed were not limited by the local jurisdiction of the county courts to which they were made returnable, but might run to the extent of their own jurisdiction as justices of the peace.    Whether this conclusion was correct or not, it is settled by practice too long and uniform to be now disturbed.    And there is less occasion to do this, since it is a matter of indifference how the law on this point is.    No evil can result from the power thus exercised by these magistrates; it is the performance of an act almost wholly ministerial, and is but the incipient step in pursuit of justice.''

When the judge, delivering the opinion, used the expression, ''almost ministerial,'' he could not, by the use of the word, ''almost,'' have intended that the act was judicial; for what he says in connection therewith excludes such a conclusion, and later, in *Graham* v. *Todd,* 9 Vt. 166, and *Ins. Co.* v.*Cummings,* 11 Vt. 503, in which he sat as a member of the Court, it was held that an interested party may sign a writ of attachment and take a recognizance.    That the signing of a writ of attachment, summons or citation is a ministerial act cannot be doubted when considered in connection with *State* v. *Howard,* 83 Vt. 6, 74 Atl.

392 and the cases therein referred to.    See also note to *Mayor* v. *Morgan,* 7 Mart. (La.) N. S. 1, 18 Am. Dec. 232.

The person signing the citation, unlike the appointment of a person to serve process, appoints no one, but simply selects from among the persons appointed by law to perform those public duties, and nothing is lost or gained by such issue of process. It has been a practice as long as courts have been held in this State for justices of the peace to sign blank writs for attorneys to use whenever desired and a similar practice has obtained among county clerks throughout the State, without any injury resulting therefrom or serious thought that injury to anyone would result in consequence thereof, although every lawyer understood that it was in effect permitting the attorney to issue process, and to select from among magistrates those whom the attorney preferred to act for him.    In line with the foregoing views this Court has held, as above stated, that an interested party may sign a writ of attachment and take a recognizance. *Graham* v. *Todd, supra; Ins. Co.* v. *Cummings, supra.*

No reason appears to us for holding that an interested person may sign a writ of attachment and take a recognizance but cannot sign a citation.    In *Clement* v. *Brooks,* 13 N. H. 92, it is held that notice to a party, signed by the plaintiff, a justice of the peace, was sufficient.    It is said in 13 Cyc. 904, par. 7, that irregularity in signing the notice for taking a deposition is immaterial, if the party notified was not misled or prejudiced. Upon principle as well as upon authority we think the citation was lawfully issued and that there was no error committed by the court upon that point.

The second ground of the second exception is, that the claimant was not a party to the suit at the time the citation was served and the deposition taken, and the plaintiff relies in support of this exception upon *Whitney* v. *Sears,* 16 Vt. 587.    In that case the deposition was taken at the request of one who had no connection with any issue joined in the case, so far as the facts disclose, and how he came to issue the citation and take the deposition does not appear.    So far as anything appears in the case he was a stranger to the suit.    Most certainly a deposition taken under such circumstances would not be admissible; but that is not this case.    Here the whole controversy and issue tried was between the plaintiff and the claimant, the principal defendant and trustee taking no part in the trial, and the find-

ing of the commissioner relates to no issue between other parties. The plaintiff was adverse to no one but the claimant, on that trial, and though the claimant had been admitted as a party at the time of the trial, he was no more a party in interest at that time than when he took the deposition.   The only difference before and after his admission, was, that after being admitted he was a party of record while before he was only a party in interest. The rights of the plaintiff were as secure with the deposition taken as it was, as they would have been if taken after the claimant had been admitted as a party.   The plaintiff knew that the claimant was such when the citation was served upon him, for he was described as such in the citation.   If the claimant had never been admitted as a party, but had appeared and asserted his claim in court without objection, he would have been so far a party to the suit as to have been bound by the result of the trial; *Towne* v. *Leach,* 32 Vt. 747; *Carr* v. *Sevene,* 47 Vt. 574. The plaintiff had as ample opportunity to be present and cross-examine as he would have had if the claimant had been admitted before the deposition had been taken.   This Court seems to have taken the view that an opportunity to cross-examine the deponent is to be considered by the court as a strong factor in determining the admissibility of the deposition, in the case of *Johnson* v. *Sargent,* 42 Vt. 195.   In that case, where the deposition was taken of a witness about to leave the State, and who was present at the term to which the deposition was made returnable, but the case was continued at that term, it was held, that the deposition was admissible at a subsequent term, the witness then being absent from the State, and in that connection the Court said:

"The opposite party had the same opportunity to be present and cross-examine the deponent on the first taking that he would have upon the second, so that no benefit would be derived by any one by putting such a construction upon the statute as would compel the party, under such circumstances as existed in this case, to retake the deposition."

The same might well be said in the case before us.   The objection on this ground is technical, and we might say in relation to it as was said in *Stephens* v. *Joyal,* 45 Vt. 325:

"And since by statute the use of *ex parte* depositions is excluded, the court feel no inclination to extend the criticism of technical forms, for the purpose of excluding testimony taken on fair notice to the adverse party."

The manner in which the deposition was taken in the case at bar, was in accord with the statute. No injustice can be done the plaintiff in holding that the claimant was so far a party to the suit at the time the deposition was taken as to enable it to take it as it was taken. This case is clearly distinguishable from the case of *Whitney* v. *Sears,* 16 Vt. 587. That case turned upon the fact that the party against whom the deposition was taken was not adverse to the' party at whose request the deposition was taken, or, at least, it did not so appear in that case; while in this case there is no question about who was the adverse party.

The plaintiff cites *Clark's Admr.* v. *Wilmington Savings Bank,* 89 Vt. 6, 93 Atl. 265, in support of its contention upon this ground of objection. No question can be raised as to the soundness of the law laid down in that case; but it is not in point in this case. In this case the statute was strictly followed in all particulars, so far as anything is called to our attention. The tendency of the courts at the present time is to disregard even departures from the strict letter of the statute in minor and formal matters, where it is clear no injustice will result to anyone in admitting the deposition; 8 R. C. L., 1162, par. 33, 1164, par. 36. In this case it is clear that no injustice resulted to the plaintiff in admitting the deposition. The plaintiff knew when the draft was paid and taken up, that it was made payable to the claimant. In the circumstances of the case the plaintiff must have known that the Farmers' Union Bank had sent the draft to the trustee for collection, for he had notice of that fact, and he must have known the claimant would appear and claim the money paid on the draft, at the time the citation was served upon him, and we think this ground of exception to the admission of the deposition was not well taken.

The third exception is to the capacity in which the magistrate took the deposition. This exception admits of very little discussion. If a deposition purports to have been taken by competent authority, the official character assumed, and the authority of the person who acted, will be presumed until the contrary appears; 13 Cyc. 848; *Barron* v. *Peters,* 18 Vt. 385; *Cram* v. *Thayer,* 18 Vt. 162, 46 Am. Dec. 142.

The magistrate who took the deposition designated himself and his authority, "Clerk and Master of Chancery Court of Lauderdale County at Ripley, Tennessee." The plaintiff argues that this is a designation of two authorities by either of which

he was authorized to take the deposition, but that the magistrate could not take it in two capacities. We do not think that the authority in which he acted shows that he acted in a double capacity. There is nothing before us indicating that the magistrate could have taken the deposition as clerk or master alone, and we are to presume that the two combined were necessary to give him authority to take the deposition.

The plaintiff's fourth ground of objection to the deposition is, that the real cause for taking it is not stated. This objection is not well founded for the cause stated was according to the fact and was a legal cause for taking the deposition. This exception to the admission of the deposition was without merit.

*Judgment affirmed.*