### TOWN OF HUNTINGTON v. TOWN OF CHARLOTTE.

It will be presumed, that the supreme court, before granting a bill of
divorce, ascertained that they had jurisdiction of the *case*, and of the
the *parties*, although it may not appear of record.

Judgments take effect from the time they are rendered, and not from the
time they are recorded.

APPEAL from an order of removal of Philander Sheldon
from Huntington to Charlotte.

The case was submitted to the county court upon the fol-
lowing statement, agreed upon by the parties, to wit:—

The plaintiffs contend that Isaac Sheldon, the father of
the pauper, was, previous to the year 1807, married to one
Lucy Kibby, and that he was divorced from her by the su-
preme court, at their term in Washington county, in Feb-
ruary, 1816.

It is admitted that, in 1807, the said Sheldon mar-
ried a woman then called Charlotte Perry, now living; that,
in December, 1816, he married a widow, then called Mrs.
Kellogg; and that the pauper, Philander Sheldon, was born
of this marriage, March 10, 1821.

If the town of Huntington satisfies the court that Shel-
don married the said Lucy Kibby previous to the marriage
with Charlotte Perry, and was so far divorced from said

Lucy, that his marriage with Mrs. Kellog was a legal marriage, then the pauper was duly removed, and judgment is to be rendered for said Huntington.

But if the marriage of said Sheldon to said pauper's mother was illegal or void, then said pauper was unduly removed, and judgment is to be rendered for said Charlotte.

Upon the above statement the county court decided that the pauper was duly removed; to which the defendants excepted.

*C. Adams,* for defendants.

The whole case turns on the effect that is to be given to the proceedings of the supreme court in 1816, on the petition of Sheldon for a divorce.

1. We insist that the court had no jurisdiction. There is nothing in the case, showing that the petitioner ever had any residence in this state; and the law of 1807 is explicit in requiring full proof of permanent residence. This proof is necessary, in order to give the court jurisdiction; and the evidence of it should appear in the proceedings. We have, in this case, not only the record but the docket minutes; and no proof of residence was exhibited.

2. Proceedings in divorce are not according to the common and ordinary jurisdiction of the court, and are, therefore, to be construed strictly. The right to proceed must distinctly appear; and nothing can be taken by presumption.

The laxity which, in times past, has characterized the proceedings in Vermont, on the subject of divorce, and the recklessness with which jurisdiction has been assumed, have subjected us to merited censure. *Jackson* v. *Jackson,* 1 Johns. 424; *Barber* v. *Root,* 10 Mass. 260; *Harrow* v. *Turner,* 14 Mass. 227; Story's Conf. of L.

3. Nothing can be received as evidence of a decree of divorce except the decree itself, signed by the judges and duly enrolled. This is in conformity to the uniform usage in matters of divorce; and is far more necessary in such cases than in chancery. Marriage is a civil institution, most interesting in its nature, and having an important bearing upon the peace of society, and its advancement in civilization and improvement. A power so fearful as the dissolution of it, should be entrusted to nobody, short of the highest ju-

dicial tribunal in the state; and their proceedings should have the highest verity that their personal signatures can give. They should never be left to the carelessness, or mistakes of ministerial officers; and these proceedings show the danger of leaving the final result to a clerk.

Whoever looks into the existing law on the subject of divorce, will perceive the gross impropriety of any verification short of a decree, signed by the judges, and enrolled; and yet, the powers, as now exercised, are to be verified in no other nor different manner than they were under the old law.

4. Even if the record is competent evidence of the decree, it can only take effect from the recording, in 1823; and the pauper, having been born before, is illegitimate.

The rights of third persons can only be affected by the judgment when recorded. To test this, suppose the record of 1823 had never been made; could the docket minutes be regarded as legal evidence? We think not. A settlement acquired by Sheldon, between 1816 and 1823, must have been communicated to his then wife. Towns interested in the settlement of Sheldon would look only to the record, and by that, only, would they be bound.

*J. Maeck*, for defendant.

The only question in this case is, whether, in point of fact, Israel Sheldon was divorced from Lucy Kibby, prior to his marriage with Mrs. Kellogg, in December 1816, so far as to render that mariage valid.

1. The court having found the fact that he was divorced in February, 1816, from L. Kibby, we think this finding conclusive.

2. But if the above rule does not apply to this case, where all the evidence is in paper, or where it depends on a record, and he question is as to the effect of the record, then we hold there is nothing in the objection taken by defendant. The court will observe that no question of indentity was raised; but the defendants contend, 1st, That the decree of divorce was wholly inoperative, until it was recorded in the clerk's office; and, 2d, That the record itself does not show that the court had jurisdiction over the parties, or that they lawfully pursued their jurisdiction.

As to the first objection, we say, that it does not appear when the record was made by the clerk—whether before, or after the marriage with Mrs. Kellogg. The legal presumption is, that it was made before. But we consider, that the time when the record was made, in point of fact, is of no consequence. The first marriage of Sheldon was as completely annulled at the moment the decree was made, and the court arose, as it now is. The principle contended for by defendants is, that judgments take effect, not from the time of rendition, but from the time they are recorded. This is not correct. Were it so, the consequence would be that no execution could be executed until the judgment was recorded. The recording of the judgment is but proof of the judgment; and, when done, has relation back to the time of the rendition.

A to the jurisdiction of the court; and whether they lawfully pursued their jurisdiction.

Every thing is supposed to be done, within the jurisdiction of a supreme court. 2 Bac. 102. 6 East, 600. It will be presumed that a supreme court lawfully pursued their jurisdiction.

Even with regard to inferior courts, if they had jurisdiction of the matter, every thing will be intended in favor of their judgment; and they must be taken to have judged right, unless the contrary expressly appears. Willes, 416. 8 Term R. 187.

And it is now settled that, in setting forth, by plea, the proceedings of inferior courts, after stating those facts which give jurisdiction to the court, it is sufficient to state, generally, that such proceedings were had, that such an act was done, without setting forth all the proceedings at length. *Moravia* v. *Sloper*, Willes, 30 ; *Ladbroke* v. *James*, Ib. 199; *Sollers* v. *Lawrence*, Ib. 413. *Johnson* v. *Warner*, Ib. 528 ; *Titley* v. *Foxall*, Ib. 688 ; *Service* v. *Heermance*, 1 Johns. 91; *Peebles* v. *Kittle*, 2 Johns. 363 ; Cowp. 20 ; 3 Term R. 185.

If such presumptions are made in favor of the proceedings of inferior courts, the reason is still stronger that the court should presume in favor of the regularity of the proceedings of supreme courts.

Suppose a case, where it becomes necessary for the party to plead the record to establish the fact of a divorce ; would

it be necessary to set forth the facts which gave jurisdiction, and all the facts necessary to show that the court lawfully pursued their jurisdiction? or would it only be necessary to set forth that, at, &c., Sheldon filed his petition, praying for a divorce; and then aver, generally, that such proceedings were had, &c.

Now, if it is necessary to prove these matters, in any more certain manner than by a record, showing the decree of divorce, it is necessary to aver them.

We insist it is not necessary to aver them, specially; and that they are fully proved, when the record comes collaterally in question, by showing a general record of a decree of divorce.

The opinion of the court was delivered by

HEBARD, J.—Two questions are raised in this case, and both affect the validity of the decree of divorce of Sheldon, by the supreme court, in 1816.

In the first place, it is urged that the decree is inoperative and void, because it does not appear from the records of the court, nor from the clerk's docket, that Sheldon had such residence in this state, as would give the court jurisdiction of the case.

This was a matter of fact, that was made to depend upon the proof to be exhibited on the trial, for the purpose of settling the question of jurisdiction; and applies to the person, and not to the subject matter of the dispute. And that being a court of enlarged jurisdiction, we are not only at liberty, but are called upon to presume, that they did not proceed to grant the decree, till the proof established their jurisdiction.

It is further insisted, that the decree only took effect from the time it was recorded.

To adopt such a rule of construction would weaken the force and effect of judgments, and throw numberless embarrassments around judicial proceedings. A judgment must, of necessity, take effect from the time it is rendered, and not from the time it is recorded; for, otherwise, its efficacy would be made to depend upon the action of a functionary, who had nothing to do with its rendition, and who, by law, is vested with no power or authority, but the mere ministerial duty of enrolling it. And this duty

could not always be performed upon the instant of rendering the judgment. To adopt the rule contended for, would, in numerous instances, subject the efficacy of a judgment to the law of necessity, to the happening of accidental circumstances, and to the will and caprice of a ministerial officer.

This decree, for all the purposes intended, was good when it was passed, and the record, when made up, had relation back to the passing of the decree.

Judgment affirmed.