# A. S. MARTYN v. FRANCIS CURTIS.

## May Term, 1896.

*Party must set case for jury to obtain jury trial. Disqual-
ification of judge. Evidence.*

1.  If the plaintiff does not set his case for trial by jury under rule
    No. 22 and the defendant does set it for the court, it
    stands for trial by the court, nor is the plaintiff unlawfully
    deprived of his right to a jury trial thereby.

2.  There is no rule of law or practice which precludes judges
    from sitting in different causes which involve the same
    issues.

3.  If three judges render a judgment, one of whom is disqualified,
    it will be presumed, in favor of the validity of the judg-
    ment, that the other two concurred.

4.  The declarations of a former owner, made thirty years after
    the termination of his ownership, in a casual conversation
    and not upon the land, as to the location of a corner are
    inadmissible.

5.  It is no ground of exception to the admission of the testi-
    mony of a surveyor, that in surveying out the land in con-
    troversy he began back two lots.

Ejectment. Plea, the general issue. Trial by court at
the June term, 1895, Orange county, Rowell, J., presid-
ing. Judgment for the defendant. The plaintiff excepts.

One David Adams owned a portion of the property in dis-
pute from 1805 to 1823. In 1860 Adams died. The plain-
tiff offered to show that some few years before his death, and
after he had ceased to have any interest in the land, one

Harriman, who was then the owner of the land, had a talk with Adams, in the course of which Adams told him that he should not have bought the ten-acre piece, which was a part of the plaintiff's land, had it not been necessary to do so in order to obtain water from the brook. This evidence tended to show that the corner in dispute was as claimed by the plaintiff. The court excluded the testimony and the plaintiff excepted.

The other exceptions sufficiently appear in the opinion.

*John W. Gordon* for the plaintiff.

The declarations of Adams were admissible. Roberts Dig. p. 183, pl. 164–166.

*R. M. Harvey* for the defendant.

The declarations of Adams were not admissible. *Wood* v. *Willard*, 37 Vt. 377 ; *Child* v. *Kingsbury*, 46 Vt. 47 ; *Hadley* v. *Howe*, 46 Vt. 142 ; *Miller* v. *Wood*, 44 Vt. 378.

TAFT, J. The plaintiff insists upon four questions :

I. That he was denied a trial by jury. To entitle a party in a civil cause to a trial by jury he must set it for trial, under county court rule No. 22. Failing this, the cause is for trial by court, if the adverse party so sets it for trial. *Jones* v. *Spear*, 21 Vt. 426. The cause was set for trial by the court, by the defendant, and he was entitled to such trial.

II. One of the assistant judges who sat in the trial below was a member of the court which tried a case in trespass concerning the property in question in this suit, and objection was made to his sitting in the trial below in the case at bar. There is no rule nor principle that disqualifies a judge of the court from sitting in different causes in which the same legal rules and questions of fact, or either of them,

are presented for consideration. In many instances causes involving the same questions are tried by the same judges. Were it otherwise much delay would result. If the assistant judge was disqualified, it does not appear that the plaintiff was harmed by his participation in the trial for the other two judges could render the judgment in question, and we must infer they did rather than presume error.

III. The plaintiff offered in evidence the declarations of one Adams, a former owner of the land in question, made thirty years after his ownership had ceased. Such declarations are sometimes admissible and sometimes not. To make them admissible they must be brought within the rules laid down in *Wood* v. *Willard*, 37 Vt. 377, and *Powers* v. *Silsby*, 41 Vt. 288. It does not appear that the declarations were within the rules referred to and therefore no error is shown by their rejection.

IV. The testimony of a surveyor was admitted under exception by the plaintiff. In running the line he began his survey two lots west of the land in controversy. The objection made was that so beginning was "going off into somebody else's land and besides, the corners may have been changed." Lot lines are often determined by the relative situation of adjoining lots. Without a knowledge of the circumstances and the facts relative to the lines and the adjoining lots, this court cannot say that the court erred.

*Judgment affirmed.*