## IN RE EDMUND McCABE.

October Term, 1897.

Present: Ross, C. J., Rowell, Tyler, and Thompson, JJ.

*Evidence—Non-expert Witness—Cross Examination—Argument.*

A non-expert witness who merely gives his opinion that the petitionee is of unsound mind, based upon his familiar acquaintance with him, is not entitled to state that the witness's father suffered for many years from paresis, that the witness observed the progress of that disease and has observed the same manifestations in the petitionee.

When a non-expert witness states that he has no reason to suspect, from anything that he has seen or heard, that the petitionee is not of sound mind, it is to be understood, especially in support of the ruling below, that he refers to what he has seen of and heard from the petitionee himself and not to hearsay. Consequently, the cross-examiner is not entitled to ask him if he has not heard that the petitionee has had a shock.

It is no ground of exception that an argument is unsound. Counsel should be limited to a temperate discussion of the issues involved, but are entitled to such latitude as will permit them fully and fairly to discuss the testimony from any standpoint which it tends to support.

APPEAL FROM PROBATE. Petition for appointment of a guardian unto Edmund McCabe on the ground of insanity and incapacity. Trial by jury at the May Term, 1897, Windsor County, *Start*, J., presiding. Verdict and judgment for the petitionee. The petitioners excepted.

*William E. Johnson* for the petitioners.

*Enright & Blanchard* and *Hunton & Stickney* for the petitionee.

THOMPSON, J. The evidence of William S. Dewey, a witness in behalf of the petitioners, tended to show that he had known the petitionee intimately for about forty years; that for about seventeen years of that time, the petitionee had worked at Dewey's Mills, where the witness lived, and

since that time he had seen him frequently, and that in his opinion he was not of sound mind; and that he had noticed a great change in him within the last two years.

The petitioners offered to show by this witness that for many years his father suffered with paresis, that he lived with him and had opportunity for observation of the manifestations and progress of that disease, and that he had observed the same manifestations in Mr. McCabe, the petitionee.

The evidence offered was excluded. Before making this ruling, the court below had inquired of the petitioner's counsel whether he expected to offer this witness as an expert, or have him do any more than give an opinion on the facts stated by him, and was informed by counsel that he did not expect to offer him as an expert.

It is contended by the petitionee that the petitioners took no exception to the exclusion of the evidence offered. Giving the exception the most favorable construction for the petitioners, and assuming that the exception covered the offer, there was no error in its exclusion. The proposal to show that the father of the witness suffered with paresis for many years, and from which he finally died, presented an immaterial and collateral issue. If evidence tending to support this offer had been admitted, it opened the door for the admission of evidence on the part of the petitionee to show that the disease from which the father of the witness suffered was not paresis. If issues of this kind could be raised on the trial of cases, there would be no end to the length to which they might be extended, nor limit to the scope of the various fields of investigation upon which either party might enter. Such a course would tend to defeat rather than promote justice. *Weeks* v. *Lyndon*, 54 Vt. 638; *Foster's Exrs.* v. *Dickerson*, 64 Vt. 248. The circumstances under which, and the extent to which a non-expert witness may give his opinion in respect to the sanity or insanity of a person was so fully considered in *Foster's*

*Exrs.* v. *Dickerson*, 64 Vt. 244, that there is now no occasion for further discussion of the subject, as we adhere to the rule there stated. The court permitted the witness to testify to the extent permissible under that rule.

The testimony of Alfred E. Watson, a non-expert witness, called in behalf of the petitionee, tended to show that he had known the petitionee intimately for some years, that he considered him of sound mind, and that he had no reason to suspect by reason of anything he had seen or heard, that the petitionee was not of sound mind. On the cross-examination of this witness, he was asked the question, "Had you ever heard that Mr. McCabe had a shock?" and replied, "Only by hearsay."

Objection thereupon being made by the petitionee, counsel for petitioner said: "I wish to ask him this as bearing on the probability of whether he considered this man of sound mind, and also as bearing on the credibility of the evidence he has given as to whether he had heard this man had suffered a shock." The court excluded further inquiry on this line, to which ruling the petitioners excepted.

It was not competent for the witness to give his opinion in respect to the sanity or insanity of the petitionee, except as it was based on facts and circumstances in respect to him, observed by the witness himself, and to which he had testified. It is apparent that this rule was adhered to by the court in the examination of non-expert witnesses on the question of the petitionee's mental condition. It does not appear from the exceptions that when the witness testified "that he had no reason to suspect, by reason of anything he had seen or heard, that the petitionee was not of sound mind," that he did not refer to what he had seen of, and heard from, the petitionee himself. The exceptions are susceptible of this construction, and it sustains the ruling of the county court. Error cannot be presumed, but must be shown affirmatively by the party alleging it. *McNeish* v. *Hulless Oat Co.*, 57 Vt. 324.

In the course of his argument to the jury, Mr. Stickney, counsel for the petitionee, among other things, urged that the evidence showed that Owen F. and Mrs. McCabe, the son and wife of the petitionee, had circulated rumors in respect to the petitionee's mental condition. He said, "I admit there is no direct evidence of any witness, and I don't claim there is any direct evidence of any witness, that they heard statements from Emily and Owen F. McCabe, except the testimony of Owen McCabe, who testifies to what occurred between him and Emily, when they went down there, and Owen as to what passed between him and his brother. He said, 'They say I am crazy.' Whom did he refer to? Owen and Emily. I don't ask you to say that anyone testified that these people told them, but where did it come from? She is representing to her husband if he don't do something, she will have him taken care of—meaning he was crazy." To this line of argument, the petitioners excepted. This argument was legitimate. It was supported by the testimony of the witness Watson, given before objection was interposed to the effect that he had heard by hearsay that the petitionee had had a shock; and by the testimony of Owen McCabe; and counsel also had a right to ask the jury to find by way of inference from the circumstances and atmosphere surrounding the case as developed by the evidence, and the appearance of the parties while testifying, that the petitioners had attempted to create the impression in the community that the petitionee was not of sound mind. It was a commentary upon the evidence, and not a statement of any fact. Facts may be fairly inferred, not only from direct evidence, but from other facts and circumstances shown by the evidence. It is not a ground of exception that an argument is unsound. This is very different from a case where counsel, to influence a jury, state as facts matters not in evidence, and which the evidence has no tendency to prove. While counsel should be limited to a temperate discussion of the issues involved, they are entitled

to such latitude as will permit them fully and· fairly to discuss the testimony from any standpoint which it tends to support.

*Judgment affirmed.*