## Dana Corporation and Flanders Lumber & Building Supply Co., Inc. v. Vincent Yusitis, Zoning Officer, Town of Milton

[ 243 A.2d 790 ]

April Term, 1968

Present:  Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 4, 1968

*Wick, Dinse & Allen* for the Petitioner.

*Latham & Eastman* for the Petitionee.

**Per Curiam.** The petitioners seek a writ of mandamus against the zoning officer of the town of Milton. They had asked for four building permits to apply to certain lots owned by the Dana Corporation, and their applications had been denied. Three of these denials have been appealed to the zoning board of adjustment under 24 V.S.A. §3017. From this board an appeal lies to county court, and ultimately here for review. 24 V.S.A. §3022.

This petition has been brought in the midst of this appellate process. The defendant filed an answer contesting allegations of fact, and also moved to dismiss the petition. He argues that there is no justification for resorting to an extraordinary remedy in this· case. His position rests on the proposition, frequently recited in our cases, that mandamus does not lie in the presence of another adequate remedy. *In re Savage,* 112 Vt. 89, 92, 22 A.2d 153.

This is the primary obstacle to the issuance of the writ. The burden is on the petitioners to establish the insufficiency at law of the remedy of appellate review authorized by statute. It is not only presumed adequate, but preferred, since it has the sanction of the legislative branch.

The petitioners support their claim for relief by reference to *Town of Glover* v. *Anderson,* 120 Vt. 153, 160, 134 A.2d 612, where it is

said that, in order to supercede mandamus, the other remedy must be competent to afford relief on the very subject matter, and be equally convenient, beneficial and effective. This statement must be considered in the light of the proposition then before the Court. It was being asked to compare mandamus with an action for declaratory judgment. Since no remedy by way of appeal was available, the question of its adequacy could not be at issue. This is also the situation in *Sanborn* v. *Weir,* 95 Vt. 1, 6, 112 A. 228; *Couture* v. *Selectmen of Town of Berkshire,* 121 Vt. 359, 361, 159 A.2d 78, and *Rutland Cable T.V., Inc.* v. *City of Rutland,* 122 Vt. 162, 168, 163 A.2d 117.

Significantly, in the *Glover* case itself, the circumstances in *Town of West Rutland* v. *Rutland Ry. L. & P. Co.,* 96 Vt. 413, 121 A. 755, were distinguished on the ground that resort must be had to the procedures deriving from primary jurisdiction in the Public Service Commission, ahead of mandamus relief. As is stated on page 422, 121 A. 755, that jurisdiction can be reviewed only in the manner provided by statute.

Here, likewise, the legislature has provided jurisdiction and procedure for orderly review. To interject ourselves into that pattern and assume to act as zoning officials would be to set this statutory pattern aside, and disrupt the appellate process. See *Sanborn* v. *Weir, supra,* 95 Vt. 1, 5, 112 A. 228, and *In re Raymo,* 121 Vt. 246, 252, 154 A.2d 487.

▇ Certainly it is fundamental that a writ of mandamus, as an extraordinary remedy, is not to operate as a universal alternate to appeal. On this proposition, the comments on habeas corpus in *In re DeCelle,* 125 Vt. 467, 469, 218 A.2d 714, with respect to the requirement of first following the prescribed proceedings in error are appropriate. This is the basis for the necessary preliminary showing that there exists no other adequate remedy. The position of the petitioners would undercut this consideration.

▇ If this appellate remedy is somehow cut off, nonexistent or otherwise compromised, then extraordinary relief may have justification. But "lapel-snatching" (see *Rutland Cable T.V., Inc.* v. *Rutland,* 121 Vt. 399, 402, 159 A.2d 83) ought not to be reduced to a routine remedy. Perhaps in recognition of this, the petitioners, in oral argument, advanced the proposition that the state of the docket of Chittenden County Court justified an assertion that their appellate

remedy would be subject to delay. This generalization amounts to a supposition only, which, if it does come about, may, at that time, justify some remedial action. But we are not, at this stage, persuaded that we should presume that the prescribed appellate relief is going to be inadequate or unavailable. Qualified matters are subject to advance on the docket, if the circumstances commend themselves to the discretion of the trial court. We cannot presume, prospectively, that the judicial system will fail to take appropriate measures to preserve the rights of litigants.

As matters presently stand, the legal issues should receive resolution in the orderly course of the prescribed appeals.

*Petition dismissed.*