## Lloyd and Gyneth BEVINS v. Harrison and Madeline KING

[513 A.2d 41]

No. 84-439

May 22, 1986. Trial was held before a superior judge and one assistant judge. Defendants allege that the judgment order rendered is invalid because the findings were not signed by the assistant judge who participated at trial. There is no question that the superior court had the authority to hear the matter and return findings. See 4 V.S.A. § 112(c) ("If two assistant judges are not available, the court shall consist of one presiding judge and one assistant judge."). Moreover, V.R.C.P. 58 was amended in 1972 to charge the presiding judge with the technical responsibilities regarding judgments which were formerly borne by the clerk. See Reporter's Notes, V.R.C.P. 58. The rule now provides that *"[t]he Presiding Judge* shall promptly approve and sign the judgment, and the clerk shall thereupon enter it." V.R.C.P. 58 (emphasis added). Thus, the question reduces to whether the assistant judge's failure to sign the findings indicates a disagreement between the presiding judge and the assistant judge as to the decision rendered. See 4 V.S.A. § 112(c) ("In the event that court is being held by the presiding judge and one assistant judge, and they do not agree on a decision, a mistrial shall be declared.").

In *Bennett Estate* v. *Travelers Insurance Co.*, 140 Vt. 339, 344-45, 438 A.2d 380, 383 (1981), this Court held

that, where the defect in a judgment stems from an assistant judge's failure to sign findings, the party challenging the judgment has the burden of demonstrating that such failure signals a disagreement among the judges. We now see the inherent unfairness of this position and how it can work to undermine the statutory authority of the assistant judges. Questions of fact are for the court. See 4 V.S.A. § 112(b). Accordingly, this case must be remanded to the superior court for determination as to whether the findings reflect the beliefs of the assistant judge who participated at trial. To the extent that there is case law to the contrary, it is overruled.

*Cause remanded to the superior court for consideration by assistant judge who participated at trial. Jurisdiction retained in this Court for thirty days.*