# Louis Lamoureux v. Chromalloy Farm Systems, Inc.

[549 A.2d 649]

No. 85-475

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed June 24, 1988

*Gregory P. Howe,* Newport, and *Michael Rose (On the Brief),* St. Albans, for Plaintiff-Appellant.

---

* Shakespeare, Henry VI, Pt. 1, Act II, Sc. 4.

*Allan R. Keyes* and *Mark H. Kolter* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee.

**Mahady,** J. Plaintiff brought this action for breach of warranty, breach of contract and negligence in connection with the purchase of two silos from defendant. A trial was held before the presiding judge and one assistant judge sitting without a jury. Findings of fact, conclusions of law and an order were signed by both the presiding judge and the assistant judge. The order entered judgment for defendant on all counts.

Plaintiff brought this appeal in which he raises two issues: (1) was the trial court improperly constituted thereby requiring reversal, and (2) did the trial court improperly apply the four-year statute of limitations contained in 9A V.S.A. § 2-725 rather than the six-year statute of limitations contained in 12 V.S.A. § 511. We affirm.

"The superior court shall consist of one presiding judge and two assistant judges, if available." 4 V.S.A. § 112(a). However, "[i]f two assistant judges are not available, the court shall consist of one presiding judge and one assistant judge." 4 V.S.A. § 112(c). The statute also requires that "[b]efore commencing a hearing in any matter in which the court by law may consist of the presiding judge and assistant judges, the assistant judges physically present in the courthouse shall determine whether they are available for the case." 4 V.S.A. § 112(d).

Here nothing appears in the record as to the presence of the nonparticipating assistant judge in the courthouse nor as to that judge's availability. In such a situation, the plaintiff claims that the availability of the assistant judge must be presumed. We decline to adopt such a presumption.

This Court has long presumed the unavailability of the assistant judge under such circumstances. *Ragosta* v. *Ragosta*, 143 Vt. 107, 113, 465 A.2d 228, 232 (1983); see *State* v. *Bradley*, 67 Vt. 465, 476, 32 A. 238, 241 (1894); *Bates* v. *Sabin*, 64 Vt. 511, 515-16, 24 A. 1013, 1014 (1892). Such a rule conforms with the well-established general proposition that "[o]fficial actions by public officers, including judicial proceedings, are presumed to have been regularly and legally performed." McCormick on Evidence § 343, at 969 (3d ed. 1984); see, e.g., *Dana Corp.* v. *Yusitis*, 127 Vt. 201, 204, 243 A.2d 790, 792 (1968); *Vermont Fruit Co.* v. *Wilson*, 92 Vt. 112, 120, 102 A. 1044, 1048 (1918); *In re McCabe*, 70 Vt. 155,

157, 40 A. 52, 53 (1898); *Martyn v. Curtis*, 68 Vt. 397, 399, 35 A. 333, 334 (1896); *Town of Huntington v. Town of Charlotte*, 15 Vt. 46, 50 (1843); *Adams v. Ellis*, 1 Aik. 24, 27 (1825).

Plaintiff attempts to rely on our recent holding in *Bevins v. King*, 147 Vt. 645, 513 A.2d 41 (1986). There we held that where a case is heard by a presiding judge and one assistant judge, the failure of the assistant judge to sign the findings of fact requires a remand to the superior court for a determination as to whether the findings reflect the beliefs of the assistant judge who actually participated at trial. *Bevins* is simply not relevant to the issue presently before us.

Applying the doctrine of presumptive regularity to the proceedings below (which here requires us to presume the unavailability of the absent assistant judge) and the mandate of 4 V.S.A. § 112(c) that "[i]f two assistant judges are not available, the court shall consist of one presiding judge and one assistant judge," we hold on the record before us that the trial court was properly constituted. By its 1984 amendments to the statute, the legislature has clearly provided that "the unavailability of an assistant judge shall not constitute reversible error." 4 V.S.A. § 112(c).

We need not reach plaintiff's second claim of error concerning the statute of limitations. In its findings, conclusions and order the trial court found that the silos in question were "suitable for their intended use" and that "the defendant has not breached any express or implied warranties." The court, therefore, entered judgment for defendant because it found no liability on the merits of plaintiff's claim in addition to the court's conclusion that the claim was barred by 9A V.S.A. § 2-725's statute of limitations. As the trial court noted, "[b]ecause there was no breach, the court does not need to consider . . . the statute of limitations argument under 9A V.S.A. § 2-725 raised by the Defendants." Nevertheless the trial court did set forth an alternative ground for its decision, concluding that plaintiff was barred from asserting his claims by 9A V.S.A. § 2-725.

Even if the trial court applied the incorrect statute of limitations, that fact would not affect the result where the court's judgment on the merits of the claim is unchallenged on appeal. Therefore, plaintiff cannot establish that any such claimed error was prejudicial and injured his rights, and the judgment below would be affirmed in any event. See *In re Estate of Laitinen*, 145 Vt. 153, 158, 483 A.2d 265, 268 (1984).

*Affirmed.*