**Joseph F. and Kari Brennen v. The Mogul Corporation**

[557 A.2d 870]

No. 85-396

Present: **Allen, C.J., and Barney, C.J. (Ret.), Keyser, J. (Ret.), Costello, D.J. (Ret.) and Martin, Supr. J., Specially Assigned**

Opinion Filed Ocober 14, 1988

Motion for Reargument Denied February 1, 1989

*Caldbeck & Schweitzer,* Shelburne, for Plaintiffs-Appellees Joseph and Kari Brennen.

*R. Allan Paul* and *Robert S. DiPalma* of *Paul, Frank & Collins, Inc.,* Burlington, for Plaintiff-Appellee Joseph Brennen.

*Michael F. Hanley* and *C. Nicholas Burke* of *Plante, Richards, Hanley and Gerety, P.C.,* White River Junction, for Defendant-Appellant.

**Martin, Supr. J.,** Specially Assigned. Plaintiff, Joseph F. Brennen, brought an action against defendant, The Mogul Corporation, to recover compensatory and punitive damages. His wife, Kari Brennen, sought recovery for loss of consortium. Brennen, a former plumbing tradesman employed by the University of Vermont, claimed he contracted Legionnaire's Disease and suffered personal injuries as a result of the failure of certain chemicals and water treatment equipment manufactured by defendant to prevent the growth of legionella bacteria in a cooling tower water system located on the University of Vermont campus in Burlington, Vermont.

Plaintiffs' claim was based on counts of fraud and deceit, negligence, strict products liability, strict liability-misrepresentation, breach of express warranty, and breach of implied warranties of merchantability and fitness for a particular purpose. After the court dismissed the fraud and deceit count and the claim for punitive damages, the jury found defendant liable on all the remaining counts and awarded compensatory damages. Defendant appeals from the judgment entered in favor of plaintiff-husband for $655,735 and plaintiff-wife for $95,000. We affirm.

In this appeal, defendant raises four issues: (1) was the trial court improperly constituted at the time of trial, (2) is the doctrine of strict liability-misrepresentation the law of Vermont, (3)

can recovery for loss of consortium be based upon the theory of strict products liability, strict liability-misrepresentation, or breach of warranties, and (4) was the submission to the jury of special interrogatory No. 7 on the issue of damages an invasion of the jury's exclusive province as the trier of fact?

On the first issue, we apply the doctrine of presumptive regularity. *Lamoureux* v. *Chromalloy Farm Systems, Inc.*, 150 Vt. 156, 158, 549 A.2d 649, 650 (1988). Beginning on April 1, 1985, the case was tried by jury before a presiding judge, sitting alone, and defendant contends the trial court was improperly constituted because the assistant judges were not present. We disagree.

The law provides that "[t]he superior court shall consist of one presiding judge and two assistant judges, if available." 4 V.S.A. § 112(a). However, "[i]f neither assistant judge is available, the court shall consist of the presiding judge alone, and the unavailability of an assistant judge shall not constitute reversible error." 4 V.S.A. § 112(c).

Defendant's argument is based on 4 V.S.A. § 112(d), which requires that "[b]efore commencing a hearing in any matter in which the court by law may consist of the presiding judge and assistant judges, the assistant judges physically present in the courthouse shall determine whether they are available for the case." No claim is made that the assistant judges were in the courthouse when the case was tried. Defendant simply relies on a presumption that they were in the courthouse and able to determine their availability because the trial transcript is silent on the point. Defendant's reliance is misplaced.

The absence of the assistant judges was not raised until June 25, 1985, the day the court heard defendant's motion for a new trial, and we conclude defendant spoke up too late. Though the assistant judges later filed affidavits stating they were unavailable on the day trial commenced, it is not necessary to rely on these affidavits to decide the issue. In *Lamoureux* v. *Chromalloy Farm Systems, Inc.*, 150 Vt. at 157-58, 549 A.2d at 650, a case directly on point, the Court held:

> Here nothing appears in the record as to the presence of the nonparticipating assistant judge in the courthouse nor as to that judge's availability. In such a situation, the plaintiff claims that the availability of the assistant judge must be presumed. We decline to adopt such a presumption.

This Court has long presumed the unavailability of the assistant judge under such circumstances. *Ragosta* v. *Ragosta,* 143 Vt. 107, 113, 465 A.2d 228, 232 (1983); see *State* v. *Bradley,* 67 Vt. 465, 476, 32 A. 238, 241 (1894); *Bates* v. *Sabin,* 64 Vt. 511, 515-16, 24 A. 1013, 1014 (1892). Such a rule conforms with the well-established general proposition that "[o]fficial actions by public officers, including judicial proceedings, are presumed to have been regularly and legally performed." McCormick on Evidence § 343, at 969 (3d ed. 1984); see, e.g., *Dana Corp.* v. *Yusitis,* 127 Vt. 201, 204, 243 A.2d 790, 792 (1968); *Vermont Fruit Co.* v. *Wilson,* 92 Vt. 112, 120, 102 A. 1044, 1048 (1918); *In re McCabe,* 70 Vt. 155, 157, 40 A. 52, 53 (1898); *Martyn* v. *Curtis,* 68 Vt. 397, 399, 35 A. 333, 334 (1896); *Town of Huntington* v. *Town of Charlotte,* 15 Vt. 46, 50 (1843); *Adams* v. *Ellis,* 1 Aik. 24, 27 (1825).

Applying the doctrine of presumptive regularity, we hold that the trial court below was properly constituted.

We do not reach defendant's second issue — whether the doctrine of strict liability-misrepresentation as set forth in § 402B of the Restatement (Second) of Torts (1965) is the law of Vermont. The responses to the jury interrogatories make clear that the jury found defendant liable on five other theories that are recognized in Vermont. These other theories support the damages awarded without resort to the disputed theory, and defendant has shown no prejudice to it resulting from the submission of the strict liability-misrepresentation theory. See *Contractor's Crane Service, Inc.* v. *Vermont Whey Abatement Authority,* 147 Vt. 441, 446, 519 A.2d 1166, 1171 (1986).

While there may be considerable merit to plaintiffs' argument that adoption of the strict liability-misrepresentation doctrine is a natural extension of the strict liability doctrine adopted in *Zaleskie* v. *Joyce,* 133 Vt. 150, 333 A.2d 110 (1975), and see Restatement (Second) of Torts § 402A (1965), it is not necessary to decide this point because both the verdict and the award of damages were amply supported on other grounds.

Similarly, it is not necessary to decide defendant's third issue — whether a spouse can recover for loss of consortium upon the theory of strict products liability, strict liability-misrepresentation, or breach of warranties. Plaintiff-wife's claim for loss of con-

sortium is a derivative action and depends on the success of her husband's tort claim. *Hay* v. *Medical Center Hospital,* 145 Vt. 533, 539, 496 A.2d 939, 942-43 (1985). Since her husband was successful on his negligence count, a claim sounding in tort, we need not decide whether loss of consortium can be based on any other theory of liability. A woman's claim for loss of consortium, based on the personal injuries of her husband, was recognized by this Court in *Whitney* v. *Fisher,* 138 Vt. 468, 417 A.2d 934 (1980), and was given statutory recognition by the Vermont Legislature in 1977. 12 V.S.A. § 5431. No error appears.

■ Finally, defendant contends that the jury's fact finding function on the damage issues was improperly invaded by the submission of special interrogatory No. 7. The interrogatory reads as follows:

## DAMAGES

(Answer these questions 7a through f and 8 only if you have rendered a verdict for Plaintiffs on one or more counts.)

7. What is the total amount of damages you find Mr. Brennen suffered?

| | |
|---|---|
| a. Medical expenses (past) | *$123,673.00* |
| b. Medical expenses (future) | *$ 4,588.00* |
| c. Lost income (past) | *$ 41,900.00* |
| d. Lost income (future) | *$ 45,604.00* |
| e. Pain and suffering (past & future) | *$260,000.00* |
| f. Permanency (past & future) | *$180,000.00* |

The use and content of special interrogatories submitted pursuant to V.R.C.P. 49 is within the discretion of the court, *English* v. *Myers,* 142 Vt. 144, 150, 454 A.2d 251, 254 (1982), and the adequacy of interrogatories is determined from a review of the jury instructions taken as a whole. *Carvalho* v. *Raybestos-Manhattan, Inc.,* 794 F.2d 454, 455 (9th Cir. 1986). This Court encourages the use of interrogatories in cases involving overlapping and multiple theories of recovery provided they are drafted in a careful manner and in understandable language. *Prouty* v. *Manchester Motors, Inc.,* 143 Vt. 449, 450 n.1, 470 A.2d 1152, 1153 n.1 (1983). The above interrogatories are clear and concise, and no claim is made that the jury was confused or that the verdict was inconsistent with its findings. At trial, defendant wanted the damage issues

submitted in the form of a general verdict and objected to the use of interrogatories. Defendant claims that the court, in listing the types of damages to be considered by the jury, assumed the existence of material facts in controversy, namely that the listed categories were established. No case, statute or other authority was cited in support of this argument, and it is tantamount to inadequate briefing. *Cliche* v. *Fair*, 145 Vt. 258, 260 n.*, 487 A.2d 145, 147 n.* (1984). In its charge, the court made a point of telling the jurors that it was their job to find the facts and determine the amount of money the plaintiffs ought to be awarded. The jury was instructed that plaintiffs had to prove, by a preponderance of the evidence, the extent and nature of the damages and whether they were proximately caused by defendant. Reading interrogatory No. 7 with the instructions as a whole, no abuse of discretion is shown.

*Judgment affirmed.*