**Louise and Dwight CALLAN v.
Marilyn HACKETT**

[749 A.2d 626]

No. 98-318

February 18, 2000. Plaintiffs Louise and Dwight Callan appeal the trial court's denial of a motion for a new trial on the issue of damages. Plaintiff Louise Callan and defendant were involved in an automobile collision on December 20, 1994. As a result of this collision, Louise suffered injuries and missed two months of work. The case was tried to a jury, who found for plaintiffs. Plaintiffs contend that the trial court's instructions to the jury were erroneous with respect to the existence of Louise's preexisting condition and that this error resulted in prejudice as evidenced by an inadequate damage award. We affirm.

At trial, plaintiffs claimed that in addition to medical expenses and lost earnings, Louise's injuries required them to purchase new milking equipment and hire additional farm labor because she was no longer able to assist with farming chores. They also sought damages for pain and suffering and loss of consortium. Evidence showed that Louise had a preexisting degenerative disc disease that was asymptomatic prior to the accident. There was conflicting evidence about whether the farm expenses were caused by Louise's injury. The jury awarded plaintiffs damages in an amount sufficient to cover medical expenses ($3,700) and lost wages ($2,700), as well as an additional $5,000. Plaintiffs moved for an additur or new trial on the damages, challenging the jury instructions on the aggravation of a preexisting condition. The trial court denied the motion.

On appeal, plaintiffs contend that they needed to prove only that Louise had a preexisting condition that was aggravated by defendant. They claim that the burden should then shift to defendant to prove what portion of the damages claimed were attributable to Louise's preexisting condition. Plaintiffs are essentially asking that we create a new rule that relieves plaintiffs of proving the proximate cause of their damages if they have shown aggravation of a preexisting condition.

As this is an appeal challenging jury instructions, plaintiffs must first show that the charge as given was wrong. See *Harris v. Carbonneau*, 165 Vt. 433, 438, 685 A.2d 296, 300 (1996). Once they have established that the charge was improper, they must show that prejudice resulted from that error. See *id.* In reviewing an instruction to the jury, we do not look at a single sentence or even a single paragraph in isolation. See *id.* Instead, we consider the jury instruction as a whole to determine if it "breathes the true spirit and doctrine of the law" and will uphold it where it cannot be fairly said that the jury was misled. *Id.*

The ordinary rule in tort law is that the plaintiffs must prove, by a preponderance of the evidence, the extent and nature of their damages. See *Conover v. Baker*, 134 Vt. 466, 471, 365 A.2d 264, 268 (1976). Plaintiffs must further show that such damages are the direct, necessary, and probable result of defendant's negligent act. See 15 F. Lewis, Blashfield Automobile Law and Practice § 481.1, at 77-78 (3d ed. 1969). Plaintiffs' theory that they should not have to prove their damages once they show a preexisting condition is spun out of several cases that actually dealt with apportionment. See, e.g., *Bigley v. Craven*, 769 P.2d 892, 898 (Wyo. 1989) (jury should have been instructed that if they could not apportion between degenerative condition, prior accident, and current action, defendant was liable for all proven damages); *Blaine v. Byers*, 429 P.2d 397, 406 (Idaho 1967) (where expert medical testimony could not provide basis for apportionment, court properly declined to give such jury instruc-

tions); *Brittis v. Freemon*, 527 P.2d 1175, 1178 (Colo. Ct. App. 1974) (court is obligated to give statutorily-required jury instructions that mandated apportionment where there was a preexisting condition). Plaintiffs also rely on a case where we held that apportionment was not implicated where the jury found that there was only one cause of harm. See *Lorrain v. Ryan*, 160 Vt. 202, 208, 628 A.2d 543, 547 (1993).

Apportionment between two or more causes is appropriate where there are "distinct harms" or there is a "reasonable basis for determining the contribution of each cause to a single harm." Restatement (Second) of Torts § 433A (1965). The Restatement also provides that there may be apportionment between "harm which results from a pre-existing condition, for which the defendant is no way responsible, and the further harm which his tortious conduct has caused." *Id.* at cmt. e.

Plaintiffs' argument is that without any instructions on apportionment and without any knowledge of the legal principles of apportionment, the jury nevertheless improperly apportioned damages, thereby wrongly reducing plaintiffs' recovery. There is nothing in the record or the jury verdict to suggest such an interpretation. The jury awarded plaintiffs 100% of the amount of Louise's medical expenses and lost wages. There could be no application of apportionment where plaintiffs received 100% of their damages. Plaintiffs did not receive damages for their farm expenses, but the jury could reasonably have found those damages had not been proven. Therefore, the apportionment cases are inapposite.

We turn then to the language of the charge. Plaintiffs object to the court's instructions that plaintiffs must prove whether the claimed damages resulted from the accident or from the preexisting condition. Rather than looking at one or two specific sentences, however, we must consider the whole charge in context. See *Harris*, 165 Vt. at 438, 685 A.2d at 300. The court began the section of the charge about the preexisting condition by stating "[a] party cannot invoke the predisposition of a plaintiff in order to reduce damages for any predisposition a party may have." The court went on to explain the long-recognized principle of law known as the "eggshell" or "thin skull" plaintiff rule. "A predisposition to disability or injury is not an excuse. The law is the defendant must take the plaintiff as she found her." The charge correctly provided that plaintiffs could recover damages for "all the natural and proximate injuries caused by defendant's acts." Additionally, the charge noted that plaintiffs could not recover for damages attributable "solely and exclusively" to the pre-existing condition or other causes unrelated to the collision. The specific portion of the charge that plaintiffs claim is erroneous properly provided that plaintiffs must prove that the claimed damages resulted from the accident. This, of course, is simply the ordinary rule in tort actions. See, e.g., *Brennen v. Mogul Corp.*, 151 Vt. 91, 96, 557 A.2d 870, 872 (1988) (plaintiffs must prove, by preponderance of evidence, extent and nature of damages); 11 P. Kelly, Blashfield Automobile Law and Practice § 416.9, at 68 (1977 & Supp. 1999) ("The burden is on the plaintiff to prove that any physical incapacity was not caused solely by infirmities having no connection with the accident."). The court's instructions in the instant case were, on the whole, thorough and well-balanced and conveyed the ordinary rule.

Plaintiffs have failed to show that the charge was in error, and therefore there can be no prejudice.

*Affirmed.*