VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-075



*Note: In the case title, an asterisk (*) indicates an appellant and a double asterisk (**) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2023

| | |
|---|---|
| Claire Cookman* v. Champlain Valley Plumbing & Heating | }<br>}<br>} APPEALED FROM:<br>}<br>} Superior Court, Addison Unit,<br>} Civil Division<br>} CASE NO. 103-6-18 Ancv<br>Trial Judge: Mary Miles Teachout |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from the trial court's denial of her motion for a new trial.  She argues that the jury should have awarded her monetary damages on her complaint.  We affirm.

The record indicates the following.  In January 2018, defendant made a delivery of oil to plaintiff's home.  Plaintiff had disconnected the oil tank, and eighty-five gallons of home heating oil spilled into plaintiff's basement.  Defendant engaged in immediate remediation efforts and hired a professional environmental cleanup company to address the spill.  Plaintiff later sued defendant, arguing that she incurred damages due to defendant's negligence in spilling the oil and cleaning up the oil.  Plaintiff sought to recover monetary damages for personal property in the basement, soil contamination, damage to her sewer pipes, and damage to her home in general.  Plaintiff also alleged that the value of her property had been permanently diminished due to the oil spill.  Following a trial, a jury found the parties equally negligent; it found both defendant and plaintiff to be the proximate cause of injury to plaintiff.  The jury further determined that plaintiff failed to prove that she suffered any monetary damages proximately caused by defendant's negligence.

Plaintiff moved for a new trial or, alternatively, for additur.  She maintained that the evidence did not show that she was negligent and that it was inconceivable that she suffered no monetary damages.  The court denied plaintiff's motion.  It found that both negligence liability and monetary damages depended largely on the jury's credibility assessments.  Plaintiff had proved negligence on defendant's part and the court found sufficient evidence to support the jury's determination that plaintiff was equally negligent.  It cited the conflicting evidence about whether plaintiff notified defendant that the tank was disconnected as well as evidence that plaintiff had not capped the fill pipe to prevent delivery.  The court emphasized that it was for the jury to resolve these conflicts and weigh the evidence.

As to the absence of a monetary damage award, plaintiff asserted that despite the prompt cleanup of the spill, she sustained damages based on projected future cleanup costs for residual oil on surfaces in the house, loss of value of her real estate, loss of personal property, and loss of the enjoyment of her property. The court found that all evidence in support of these claims came from plaintiff through her own testimony and it reiterated that it was the jury's responsibility to assess plaintiff's credibility. The jury's verdict indicated that it found plaintiff's evidence of additional damages insufficiently credible to meet her burden of proof. The court thus denied plaintiff's motion. This appeal followed.

Plaintiff argues that the evidence compelled the jury to award her monetary damages. She further contends that the jury's decision was inconsistent with its finding that defendant's negligence was a proximate cause of injury to her. Plaintiff acknowledges that the jury must assess the weight and credibility of the evidence, but she notes that she presented photographic evidence in support of her request for damages in addition to her testimony. She also cites testimony from defendant's witnesses that she believes supports her position.

The trial court has discretion in ruling on a motion for a new trial. Epsom v. Crandall, 2019 VT 74, ¶ 17, 211 Vt. 94. "When reviewing the trial court's denial of a motion for a new trial or for additur on the grounds that the jury's award is unsupported by the evidence, we need only determine whether the jury could reasonably have found its verdict for damages on the evidence before it." Id. (quotation omitted). Because "[t]he law favors upholding jury verdicts," "we view the evidence in the light most favorable to the nonmoving party." Id. (quotations omitted). "In reviewing the trial court's disposition of a motion for a new trial, this Court is bound to accord to the ruling all possible presumptive support." Weeks v. Burnor, 132 Vt. 603, 609 (1974).

The court here instructed the jury in relevant part that:

> The term "damages" refers to the total sum in dollars for the harm or loss that you find have been proximately caused by the defendant's negligent conduct. Damages for a claim such as this are awarded on a theory of compensation. They are intended to put the plaintiff in the same position she would be in if the conduct giving rise to the claim had not occurred. The law in Vermont is that if a plaintiff is entitled to recover, she is entitled to recover for the damages that are shown to have resulted from the wrong done by the defendant to the plaintiff. The plaintiff is not entitled to be put in a better position than she would have been in had there been no wrongful conduct on the part of the defendant.
>
> . . . .
>
> You shall award damages only for those harms or losses that you find the plaintiff has proven by a preponderance of the evidence, and which are the direct result of negligent conduct of the defendant. That is, you may not award actual damages for any harm or loss suffered by the plaintiff that may have resulted from a different cause. You must award actual damages only for those

2

harms or losses that were proximately caused by the negligent conduct of the defendant.

The evidence here allowed the jury to reasonably conclude that plaintiff was not entitled to any monetary damages from defendant's negligence, that is, to conclude that although her property was damaged, she suffered no harm or loss proximately caused by defendant's conduct because she was made whole by defendant's remediation. The jury's conclusion was not inconsistent with its finding that defendant's negligence was a proximate cause of injury to plaintiff and that plaintiff was also a proximate cause of injury to herself. Plaintiff had the burden to "prove, by a preponderance of the evidence, the extent and nature of [her] damages," and she needed to "further show that such damages [we]re the direct, necessary, and probable result of defendant's negligent act." Callan v. Hackett, 170 Vt. 609, 609 (2000) (mem.) (citation omitted); see also D. Dobbs et al., The Law of Torts § 183 (2d ed.) (recognizing that plaintiff must "prove that the defendant's conduct caused legally recognized damages" and "statement that conduct caused damages means that the plaintiff must prove not merely that she suffered harm sometime after the defendant's negligent act occurred but that the harm was caused in fact by the defendant's conduct"); id. § 479 (explaining that term " 'damages' refers to the monetary award for legally recognized harm").

The evidence here showed that, following the spill for which each party bore equal responsibility, defendant engaged in immediate remediation efforts and hired a professional to conduct months of clean-up work at its own expense. Defendant's principal testified to the extensive remediation work and indicated that the State of Vermont had signed off on the remediation work. Defendant also wrote off plaintiff's existing account balance of approximately $800.

Defendant's principal further testified about several of the photographs that plaintiff references on appeal. He testified that there was no oil on or beneath the concrete basement floor as a result of the spill given that there was water in the basement at the time, and the oil and water were pumped outside via the sump pump in the basement. He testified to his belief that the oil in the picture was the likely result of plaintiff having had the existing tank disassembled. The principal also testified that any oil that was present in the home was sprayed with a biodegradable eco-friendly solvent that broke down the oil. He stated that there was solvent and water damage depicted on the picture of the basement stairs from the clean-up efforts. He also described how the professional remediation company had tested for any lingering odor. He testified that it was the company's responsibility to return the property to the condition it was in before the spill, and that the remediation company and the State of Vermont had signed off on the property's remediation.

The evidence in the record, viewed in favor of defendant, supports the jury's decision not to award damages to plaintiff notwithstanding its finding that plaintiff was injured by the spill. See, e.g., Ball v. Melsur Corp., 161 Vt. 35, 44 (1993), abrogated in part on other grounds by Demag v. Better Power Equip., Inc., 2014 VT 78, 197 Vt. 176 ("In determining whether a jury verdict is a result of passion, caprice, prejudice, compromise or some other consideration not in evidence, '[t]he threshold determination [of] whether a verdict has been compromised . . . is whether the jury could reasonably have calculated the damages awarded on the evidence presented.' "); see also Tooele Assocs. Ltd. P'ship v. Tooele City, 2012 UT App 214, ¶ 10, 284 P.3d 709 (explaining that "[w]here the possibility of inconsistency in jury interrogatories or

3

special verdicts exists, [court] will not presume inconsistency; rather, [we] will seek to reconcile the answers if possible," and "[w]hen reviewing claims that a jury verdict is inconsistent, we must accept any reasonable view of the case that makes the jury's answers consistent" (quotations omitted)).

Because there is reasonable evidence in the record to support the jury's verdict, we conclude that plaintiff's reliance on Smedberg v. Detlef's Custodial Serv., Inc., 2007 VT 99, ¶ 19, 182 Vt. 349, is misplaced. In Smedberg, the jury found parties equally liable for negligence that caused plaintiff's injury, but it awarded plaintiff no damages for past and future pain and suffering and loss of enjoyment of life. We considered this "grossly inadequate given the evidence adduced at trial," emphasizing that "[t]his was not a case where plaintiff's injuries [were] de minimis or speculative." The same cannot be said in the instant case. The jury could reasonably conclude that the injuries caused by the spill and clean-up had been addressed, that any damages were less than the amount of the account balance forgiven by defendant, or that plaintiff's evidence as to damages was too speculative to meet her burden of proof. As the trial court explained, the jury was entitled to weigh the evidence, and it was not obligated to credit plaintiff's evidence, including her assertion that the value of her property was diminished due to defendant's negligence. See, e.g., B & F Land Dev., LLC v. Steinfeld, 2008 VT 109, ¶ 10, 184 Vt. 624 (mem.) ("It is black-letter law that assessing witness credibility and weighing the evidence are the unique province of the jury."). The jury could reasonably conclude that the parties were equally negligent and that plaintiff failed to sustain her burden of providing damages.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice